## STATE OF MARYLAND *vs.* JOHN HODGES.

*Writ of Error on Judgment quashing an Indictment—Indictment for Receiving Stolen Goods—Contra Pacem—Common Law Offence—Punishment for Receiving Stolen Goods prescribed by the Code.*

A writ of error lies on a judgment quashing an indictment on demurrer, such judgment being a final judgment.

The offence of receiving stolen goods is in this State, a misdemeanor. In such a case, it is not necessary to allege in the indictment that the property in question was feloniously received; nor need such indictment charge that the traverser received the stolen goods for the purpose of converting them to his own use.

It is not necessary that the receiving should be *lucri causa.* If one receives stolen goods knowing them to be stolen, for the mere purpose of concealment without deriving any profit at all, or merely to assist or aid the thief, such a receiving is within the statute.

But an indictment for receiving stolen goods, a common law offence, should charge that the same were unlawfully received.

Where one is charged with a common law offence, the mere averment that it was done *contra pacem* does not dispense with the necessity of setting out in proper terms, the circumstances necessary to constitute the alleged common law offence.

In this State the Code merely prescribes the punishment for receiving stolen goods, and does not in any manner change the nature or character of the offence itself.

PETITION in the nature of a writ of error from the Circuit Court for Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted on brief for the appellee.

State *vs.* Hodges.

*Charles J. M. Gwinn, Attorney-General,* for the plaintiff in error.

It is settled in this State that when an indictment is demurred to, and the demurrer is sustained and the indictment quashed, the State is entitled to have the record removed by petition as upon a writ of error into this Court. *State vs. Buchanan,* 5 *H. & J.,* 329, 330; *State vs. Boyle,* 25 *Md.,* 519.

At common law he who aided a thief, by knowingly receiving him after such thief had committed a larceny, became an accessory, after the fact, to the felony. But it was not a felony, at common law, to receive, knowingly, from the thief, the property which he had stolen. 1 *Hawk. P. C., Book* 1, *ch.* 19, *sec.* 8. That offence, at common law, was a misdemeanor only. *Ibid.* 1 *Hale P. C.,* 619, 620; 2 *East's Crown Law, sec.* 142; 2 *Russ. on Crimes,* 9th *Am. Ed.,* 541; 3 *Chitty's Criminal Law,* 5th *Am. Ed.,* 950, (*a.*) But by 3 *W. & M., ch.* 9, *sec.* 4, any person buying, or receiving any stolen goods or chattels, knowing them to have been stolen, was made an accessory after the fact, to the felony. 6 *Evans' Statute,* 14, 49, *Z Z;* 3 *Chitty's Criminal Law,* 951; 1 *Hawk. P. C. ch.* 19, *sec.* 8. After this statute was enacted, no indictment for the offence as a misdemeanor could be sustained. 3 *Chitty's Criminal Law,* 951. And, unless the principal felon was convicted, the receiver, as an accessory after the fact, could not be convicted. 3 *Chitty's Criminal Law,* 951; 2 *Hawk. P. C., Book* 2, *ch.* 29, *sec.* 11; 2 *East's Crown Law,* 744, 745.

This difficulty was remedied in England by 1 *Ann, Statute* 2, *ch.* 9, *sec.* 2, which provided that, if the principal felon could not be taken, it should be lawful to prosecute such offence as a misdemeanor, although such principal felon was not convicted. 6 *Evans' Statute,* 50.

The Statute of 5 *Ann, ch.* 31, *secs.* 5 *and* 6, declared that the receiving of stolen goods, knowing them to have been stolen, and the receiving or harboring of the thieves

themselves, made the persons so offending accessories after the fact; but it is provided that if the principal felon could not be taken, so as to be prosecuted and convicted, the receiver might be prosecuted for a misdemeanor.    6 *Evans' Statute,* 50; 1 *Hawk. P. C., ch.* 19, *sec.* 8; 3 *Chitty's Criminal Law,* 951.

Under the statutes 3 *W. & M., ch.* 9, *sec.* 4, *and* 5 *Ann., ch.* 31, *secs.* 5 *and* 6, it was held by the twelve Judges, that a receiver of stolen goods might be prosecuted and convicted of the offence as a misdemeanor, although the principal felon was known, unless it appeared *from the finding of the jury,* that the principal felon was out of custody by collusion, and could have been taken and convicted when the indictment against the receiver was found. *Wilkes' Case,* 1 *Leach's Crown Law,* 103, 104; 3 *Chitty's Criminal Law,* 951.    A like ruling was in effect made in *Thomas' Case,* 2 *East's Crown Law,* 781.

If therefore it be true, *Kilty's Rep. on Statutes,* 179, 180, that the Statutes of 3 *W. & M., ch.* 9, *sec.* 4, 1 *Ann., ch.* 9, *sec.* 2, *and* 5 *Ann., ch.* 31, *secs.* 5 *and* 6, ever extended to the province of Maryland, the indictment in this case was good under the Statute of 5 *Ann., ch.* 31, *secs.* 5 *and* 6, as for a misdemeanor; because it does not appear in the record that the principal felon was known, or that he was out of custody by collusion, and could have been convicted when this indictment was found.

It was unquestionably good under the Act of 1809, ch. 138, sec. 6, sub-clause 8, as codified in 1 Code, Article 30, section 163, because it is plain from the words of this sub-clause that its purpose was to disregard the different definitions given to the offence by the statutes in question—to refer to the common law offence by proper descriptive words—and to affix a proper punishment to such common law offence.    It is because this purpose was plain, that the offence has always been dealt with in this State since 1809 as a misdemeanor. *Kearney's Case,* 46 *Md.,* 16.

There was no need to set forth in the indictment any intent on the part of the defendant in error, to appropriate to his own use the goods which he received, knowing them to have been stolen. The offence defined by the Code, Article 30, section 163, is "the crime of receiving any stolen money, goods or chattels, knowing the same to be stolen." If the defendant in error received the property knowing that it had been stolen, for the mere purpose of concealment, without deriving any profit from the transaction, he was just as much a guilty receiver of the property as if he had knowingly purchased it from the thief. *Rex vs. Richardson*, 6 *C. & P.*, 335, *cited in* 2 *Russ. on Crimes*, 9th *Am. Ed.*, 554; *Rex vs. Davis*, 6 *C. & P.*, 177; 25 *E. C. L. Rep.*, 341, 343; *Rex vs. Jervis*, *Ibid*, 330; 2 *East P. C.*, 765.

The gist of the offence of receiving stolen goods is the guilty knowledge of the offender. 2 *Russ. on Crimes*, 9th *Am. Ed.*, 561; 1 *Wharton's Criminal Law*, 8th *Ed.*, 1880, *sec.* 983. That averment is correctly made in the indictment. If the allowance of the demurrer can stand upon no other grounds, than those upon which it appears to have been placed by the lower Court, its judgment must necessarily be reversed.

But a demurrer to an indictment makes the examination of the whole of that indictment necessary ; and it is my duty to consider another question which is presented by the indictment, but does not appear to have been noticed below, in order that the proper form of an indictment, in cases where persons are charged with receiving stolen goods, may be definitely settled.

The question of real importance is, whether this indictment is defective, because of the omission of any averment that the person charged—*unlawfully* "did receive and have, &c."

As the offence under consideration has been made in general a felony in England, by the Statutes of 3 *W. & M.*,

State *vs.* Hodges.

*ch.* 9, *sec.* 4; 5 *Ann., ch.* 31, *secs.* 5, 7 *and* 8; *George* 4, *ch.* 27, *sec.* 54, *and* 24 *and* 25 *Vict., ch.* 96, *sec.* 91, there are necessarily few English precedents accessible of indictments for misdemeanors, with which the indictment in this case can be contrasted.

It is my duty to bring to the attention of the Court the only English prosecutions, capable of being drawn into precedents which I have observed. These were certain excepted cases, which could be prosecuted as I have shown, as misdemeanors under the Statutes of 3 *W. & M., ch.* 9, *sec.* 4, *and* 5 *Ann., ch.* 31, *sec.* 5 ; *Wilkes' Case,* 1 *Leach Cr. Law,* 103, *and Morris' Case, Ibid,* 468, are examples of such prosecutions. The Statute of 22 *George* 3, *ch.* 58, afterwards repealed by 7 *and* 8 *George* 4, *ch.* 27, *sec.* 1, would appear to have converted into misdemeanors large classes of receivings of stolen goods. *Haslam's Case,* 1 *Leach Cr. Law,* 418, is an example of a prosecution under this statute. The reports of the cases referred to do not give the particular words of the indictments. In 2 *Chitty's Crim. Law,* 5*th Am. Ed.,* 998, (*a,*) there is, however, a form of an indictment, under the Statute of 22 *George* 3, *ch.* 58, taken from another book of precedents. In it is the averment that the act charged was done " unlawfully ;" and the further averment certainly unnecessary, that it was done " for the sake of wicked gain."

The question to be determined is, whether the word " unlawfully " in this precedent, was in truth a *necessary* word. It is proper to have recourse to precedents in this country ; for the offence is dealt with under the Federal law, and in several States as a misdemeanor, as it is in this State.

Under the Act of Congress of March 3rd, 1825, section 8, 4 *U. S. Stat. at Large,* 116, *Revised Statutes, U. S., section* 5357, it was provided that if any person upon the high seas, or in any waters within the admiralty, or maritime jurisdiction of the United States, and out of the juris-

diction of a particular State, should receive any property which might be the subject of larceny, and which had been taken or stolen from any other person, "knowing the same to have been taken or stolen," he should be deemed guilty of a misdemeanor.

It appears that in indictments in the Federal Courts no averment is made that the stolen goods were " unlawfully " received. *Wharton's Precedents of Indict.*, 2nd *Ed.*, 421. Indeed, in the general precedent, which is given by the author as a proper form in all cases of receiving stolen goods—section 450—the word "unlawfully" is wholly omitted.

It is plain that the pleader, in drawing the indictment in question in this case, adopted the general form prescribed by Wharton in the section 450 which I have referred to. Is the form given by Wharton correct or erroneous?

This inquiry obliges me to state in a simple and compact form, the elementary rules governing the framing of indictments. "An indictment is nothing else but a plain, brief and certain narrative of an offence committed by any person, and of those necessary circumstances that concur to ascertain the fact and its nature." 2 *Hale P. C., margin page* 169.

When the offence charged was not an offence at common law, but was made an offence by statute, it is sufficient to set out the circumstances contained in the statutory definition of the offence, and to bring the accused within its material descriptive words. 1 *Starkie Criminal Pleading*, 178.

When the offence charged is an offence at common law, it is necessary only to set out the proper words, which express directly, or by necessary inference, the circumstances necessary to constitute the alleged common law offence. *King vs. Horne, Cowp.*, 679, Lord MANSFIELD, 688, ASTON, J. *King vs. Stevens and Agnew*, 5 *East*, 259, 260, ELLENBOROUGH, C. J.

When the offence charged is an offence at common law, which is made punishable by statute, it follows that it is only necessary to set out the circumstances necessary to constitute the alleged common law crime, concluding *contra formam statuti*, for the guidance of the Court in imposing the penalty, and *contra pacem*, because the offence itself tended to the disturbance of the quiet and peaceable government of the State.   2 *Hawk. P. C., ch.* 25, *sec.* 92; 1 *Starkie Criminal Pleading*, 209.

In this case an offence at common law, which is made punishable by statute, is charged in the indictment. The offence charged was the receiving and having certain goods, knowing that they had been before that time feloniously stolen.   The act thus committed was not an act indifferent in itself, which required a specific allegation and proof of the intent with which it was done. *King vs. Philips*, 6 *East*, 474, 475.   It was in itself an act which was *prima facie* a breach of the law.   That it was such breach of the law, and therefore unlawfully done, is averred when such act is expressed to have been committed against the peace of the State.   The words " *contra pacem*," are not formal words only, but are material words expressive of an unlawful intention, which cannot be omitted in the description of a common law offence.   2 *Hawk. P. C., ch.* 25, *sec.* 92 ; 2 *Hale P. C.*, 188; 1 *Starkie on Criminal Pleading*, 209.   If they cannot be omitted in such description, because they are expressive of the unlawful intention with which the particular act was committed, does it not follow, as a necessary consequence, that when these words are used in an indictment, they do aver the unlawful intention with which such particular act was done?   The averment " *contra pacem*," does not express or import more than this.   It does not aid the omission of an averment of intent in an indictment, except the omission of an averment of an intent to commit a breach of law.   But it certainly must be held to

State *vs.* Hodges.

aid such omission, because the words "*contra pacem*," are in themselves an averment of such unlawful intent. See remarks of BRAMWELL, B., in *Queen vs. Goldsmith*, 1873, during argument as reported in 21 *Week. Rep.,* 792.

*John J. Yellott*, for the defendant in error.

This case is not properly before this Court for review at this stage, and should be dismissed, inasmuch as the record discloses no final judgment of the Court below, and there has in fact been no other judgment of that Court, than that sustaining the demurrer and quashing the indictment. There has been no judgment discharging the prisoner or passing upon the question of his guilt or innocence. The case still stands in that Court awaiting the further action of the State's attorney to bring it to a final issue. *Kearney vs. State*, 46 *Md.*, 422.

Should this Court decide that the case is properly before it for review, it is submitted that the action of the Circuit Court in sustaining the demurrer was proper. The indictment should allege that the goods were received with a fraudulent or felonious intent. *Wharton's Am. Crim. Law*, secs. 1899, 1901, 4*th Ed.*

ROBINSON, J., delivered the opinion of the Court.

The defendant in error was indicted for receiving stolen goods, knowing them to be stolen.

A demurrer was filed to the indictment, and the Court below sustained the demurrer and quashed the indictment.

A writ of error it is true will not lie until after final judgment, but the judgment in quashing an indictment is a final judgment. There can be no further proceedings upon the indictment, and although the prisoner may be held to bail to await the further action of the grand jury, yet so far as the pending indictment is concerned, he is entitled to his discharge.

There can be no question therefore, as to the right of the State to remove the record by petition as upon writ of error into this Court. *Rules of the Court of Appeals,* 29 *Md.*

It appears by the petition, that the demurrer was sustained upon the ground that the indictment did not charge a *felonious receiving* of the stolen goods, or any *intent* on the part of the receiver to *appropriate the goods to himself.*

The first question then is, whether the offence of receiving stolen goods, is in this State a felony or a misdemeanor?

All the books agree that such an offence at common law is but a misdemeanor punishable by fine and imprisonment. 1 *Hale's P. C.,* 619; 2 *East P. C.,* 142; 4 *Black.,* 38; 3 *Chitty's Criminal Law,* 950.

By the Statute 3 *W. & M., ch.* 9, *sec.* 4, any person buying or receiving any stolen goods or chattels, knowing them to have been stolen, was made an accessory after the fact. After the enactment of this statute, no indictment for the offence as a misdemeanor would lie, because the misdemeanor was merged in the felony. 3 *Chitty's Crim. Law,* 951. And unless the principal felon was convicted, the receiver as an accessory after the fact could not be convicted. 2 *Hawk, P. C., Book* 2, *ch.* 29, *sec.* 11; 2 *East's Crown Law,* 744. If then the principal felon escaped or was kept out of the way, the receiver went unpunished. To remedy this, 1 *Ann., Statute* 2, *ch.* 9, *sec.* 2, provided that if the principal felon could not be taken, it should be lawful to prosecute such offence as a misdemeanor, although such principal felon had not been convicted.

And it was held in *Wilkes' Case,* 1 *Leach's Crown Law,* 103, by the twelve Judges, that a receiver of stolen goods might be prosecuted and convicted of the offence as a misdemeanor, although the principal felon was known, unless it appeared from the finding of the jury, that the principal was out of custody by collusion, and could have

been taken and convicted when the indictment against the receiver was found.

If then it be true, that the Statutes of 3 *W. & M., ch.* 9, *sec.* 4; 1 *Ann., ch.* 9, *sec.* 2, and 5 *Ann., ch.* 31, *secs.* 5, 6, extended to the province of Maryland, as stated in *Kilty's Rep. on Statutes,* 179, 180, the indictment in this case charging the offence as a misdemeanor was a good indictment, because it does not appear in the record that the principal felon was out of custody by collusion, and could have been convicted when this indictment was found.

The offence in this State has always been considered as a misdemeanor. *Kearney's Case,* 46 *Md.,* 16. It was not necessary therefore to allege in the indictment, that the property in question was *feloniously received* by the defendant in error.

In regard to the other question whether it was necessary to charge in the indictment, that the traverser received the stolen goods for the purpose of converting them to his own use, the authorities are all one way. If they were received with an honest intent, that is to say, for the purpose of keeping them for the owner, such a receiving would not of course be within the meaning of the law. But on the other hand it is not necessary, as in larceny, that the receiving should be *lucri causa.* If one receives stolen goods, knowing them to be stolen, for the mere purpose of concealment, without deriving any profit at all, or merely to assist or aid the thief, *such a* receiving is within the statute. 1 *Hale,* 620; *Rex vs. Davis, C. & P.,* 177. In this case, GURNEY, B., said "that if the receiver takes without any profit or advantage, or whether it be for the purpose of profit or not, or merely to assist the thief, it is precisely the same."

It is clear, therefore, that the Court erred in sustaining the demurrer to this indictment, for the reasons set forth in the assignment of errors. The record, however, is brought into this Court, at the instance of the State,

State *vs.* Hodges.

and it does not appear that the demurrer was sustained *solely upon the grounds set forth* in the petition filed by the State. It becomes necessary, therefore, that we should examine the whole indictment, for the purpose of ascertaining whether it be defective in other respects. And here it will be observed, that it nowhere charges that the property was *unlawfully* received.

Where the offence charged is an offence at common law, and is *itself manifestly illegal,* the averment that it was done unlawfully may not be necessary. 1 *Chitty Crim. Law,* 160 ; 2 *Hawk., Book* 2, *sec.* 25. But the mere receipt of stolen goods, knowing them to be stolen, was not *per se* an offence at common law, because the owner may lawfully receive back his own goods, knowing them to be stolen, provided there be no agreement to favor the thief; or one may lawfully receive stolen property for the purpose of keeping the goods for the owner. 2 *East's Crown Law, ch.* 25, *sec.* 141; 1 *Hale,* 650. And accordingly we find in *Chitty, Archbold,* and in fact in all the books of forms, the averment that the goods were *unlawfully received.*

It was suggested in argument, that the words " *against the peace,*" &c., to be found in the conclusion of the indictment is a sufficient averment, that the act was done unlawfully. The words *contra pacem,* it seems were considered necessary in all indictments, except for mere *non-feasance,* because all offences subject to public prosecution, tend to the disturbance of the public peace.

But where one is charged with a common law offence, the mere averment that it was done *contra pacem,* does not dispense with the necessity of setting out in proper terms the circumstances necessary to constitute the alleged common law offence.

It is a general rule, that nothing *material* shall be taken by intendment or implication, but that in all cases the indictment must describe with certainty the offence

of which the party is charged, and must aver the facts necessary to constitute such offence.  2 *Hawk.*, 83.

If it be an offence created by statute, it is only necessary to describe it in the language of the statute.  In this State, the Code merely prescribes the punishment for receiving stolen goods, and does not in any manner change the nature or character of the offence itself.  It is necessary, therefore, to set out in the indictment, all the circumstances necessary to constitute the offence at common law, and inasmuch as it was necessary at common law to constitute the offence, that the party charged should receive the property *unlawfully*, we are of opinion that it must be so averred in the indictment.  The indictment in this case does not allege that the goods were unlawfully received by the traverser, and the judgment must therefore be affirmed.

*Judgment affirmed.*