## PEOPLE v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department.  March 8, 1912.)

1. CRIMINAL LAW (§ 369*)—EVIDENCE OF OTHER CRIMES.

Evidence that six days after the larceny of the horses and harnesses of S. at Long Island City, and the day before they were found at Paterson, N. J., a horse was found by a detective in a stable on defendant's farm at Centerville, N. Y., which as a result of a telegram to the police of Paterson was claimed by a person there, is not within the exception to the rule that evidence of a distinct crime, unconnected with that charged in the indictment, is not admissible; the exception being when the transactions as to which the evidence is given are intimately connected in point of time, place, and circumstance with that for which defendant is indicted, so that they form a continuous series of transactions, each throwing light on the other, on the question of knowledge, intent, and motive.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 822–824; Dec. Dig. § 369.*]

2. LARCENY (§ 50*)—EVIDENCE—POSSESSION OF PROPERTY.

Evidence that on the evening of the day before the horses and harness, with the larceny of which defendant is charged, were found in Paterson, N. J., defendant shipped from Paterson a bag of harness to Glen Cove, N. Y., is inadmissible; there being no proof connecting that shipped and that subsequently found, and it seeming that there could be no relation between them.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. § 142; Dec. Dig. § 50.*]

3. CRIMINAL LAW (§ 1163*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

It rests with the people to show conclusively that errors in admitting incompetent evidence were innoxious.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3090–3099; Dec. Dig. §.1163.*]

4. LARCENY (§ 64*)—EVIDENCE—PRESUMPTION—POSSESSION OF PROPERTY.

The conscious, exclusive, and recent possession of stolen property warrants an inference, or raises a presumption of fact, that the possessor was guilty of the crime by which the property was taken from its owner.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

5. LARCENY (§ 64*)—EVIDENCE—POSSESSION OF PROPERTY—EXCLUSIVENESS.

The recent possession of stolen property, to raise an inference of guilt of the possessor of taking it from its owner, must be exclusive.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

6. LARCENY (§ 64*)—EVIDENCE—POSSESSION OF PROPERTY—"RECENT."

"Recent," within the rule as to inference of guilt from recent possession of stolen property, is a relative term, depending on the surrounding circumstances, including the character of the property (citing Words and Phrases, "Recent").

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*] .

7. LARCENY (§ 64*)—SUFFICIENCY—UNEXPLAINED POSSESSION OF PROPERTY.

The recent possession of stolen property, which will authorize an inference of guilt of the possessor, if unexplained to the satisfaction of the jury, will sustain a conviction of him of the crime by which it is proved the property was taken.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. LARCENY (§ 64*)—EVIDENCE—POSSESSION OF PROPERTY—EXPLANATION.

If the explanation as to recent possession of stolen property creates a reasonable doubt in favor of the possessor, it practically rebuts the presumption of guilt arising from mere possession.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

9. LARCENY (§ 64*)—EVIDENCE—POSSESSION OF PROPERTY.

Mere unexplained recent possession of stolen goods does not authorize conviction of the crime by which the property was originally taken from the owner, if the evidence satisfactorily shows that the possessor was only a receiver of stolen goods.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

10. INDICTMENT AND INFORMATION (§ 191*)—EVIDENCE—POSSESSION OF PROPERTY.

The indictment charging only burglary and larceny, though a count for receiving stolen property could have been included, a verdict of guilty would be unauthorized, notwithstanding unexplained possession of the property by defendant, if the jury were convinced that the proof showed defendant was only a receiver of stolen property.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 604–621; Dec. Dig. § 191.*]

11. LARCENY (§ 64*)—EVIDENCE—POSSESSION OF PROPERTY—EXPLANATION.

Under Code Cr. Proc. § 393, providing that neglect or refusal of defendant to testify does not create any presumption against him, the presumption of his guilt from recent possession of stolen property, so far as resting on his proved or presumed ability of explanation, must, where he refused to testify, rest on such proved or presumed ability to explain his possession by other evidence than his own testimony.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 170–178; Dec. Dig. § 64.*]

12. CRIMINAL LAW (§ 364*)—EVIDENCE RES GESTÆ.

Declarations of one at the time of his joint arrest with defendant, so far as they referred to past occurrences, were not admissible as res gestæ.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 805, 808–810, 813, 816–818; Dec. Dig. § 364.*]

13. CRIMINAL LAW (§ 427*)—EVIDENCE—DECLARATIONS OF CO-CONSPIRATOR.

Declarations of one at the time of his joint arrest with defendant were not admissible against defendant on the theory of a conspiracy, unless evidence had been or was thereafter produced tending to establish concerted action for commission of the crimes charged in the indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1012–1017; Dec. Dig. § 427.*]

14. CRIMINAL LAW (§ 418*)—EVIDENCE—DECLARATIONS IN PRESENCE OF PARTY.

Declarations made in the presence of defendant are not admissible as evidence in themselves, but only with reference to the question of a reply thereto by defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 968–972; Dec. Dig. § 418.*]

Appeal from Queens County Court.

Louis Friedman was convicted of burglary in the third degree and of grand larceny, and from the judgment of conviction and from an order. denying a new trial he appeals. Reversed, and new trial ordered.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Eugene N. L. Young, for appellant.
Matthew J. Smith, Dist. Atty., for the People.

JENKS, P. J. The defendant (Friedman), Laskowitz, and Merkle, were indicted for burglary and grand larceny. The defendant was tried separately, and there was a general verdict of guilty. Two horses and some harness, the property of Stevenson, were taken from his stable in Long Island City between midnight of February 3, 1910, and 5 a. m. of the next day. The said three men were arrested in company on February 10, 1910, at or near a railroad station in Paterson, N. J., the horses were found in a freight car near by, and the harness was found upon some premises in that city. After the arrest, Laskowitz led the police officers to the said freight car. As there was no direct proof that connected Friedman or the others with the crimes charged, the evidence of the corpus delicti almost, if not altogether, depended upon the possession of the property and the circumstances thereof. The defendant was not a witness, but sought to establish an alibi and offered evidence which tended to show his good reputation, which evidence was not offset or overcome.

[1] I think that there are errors which make against the affirmance of the judgment. A police detective testified that on February 9, 1910, he went to Centerville, N. Y., where the defendant and Laskowitz had a farm, found a gray mare in a stable on the farm, took the mare to a stable in Centerville, notified the chief of police of Paterson, and that, as a result of the telegram, "there was a man by the name of M. Zeloff came to Centerville and brought the horse back to Jersey with him." It did not appear that there was the slightest relation between this incident and the crimes charged in the indictment. I think that the admission of such testimony was against the rule discussed and stated in People v. Molineux, 168 N. Y. at page 293 et seq., 61 N. E. 286, 62 L. R. A. 193, that evidence of a distinct crime unconnected with that charged in the indictment is not admissible, and not within the exception thereto that permits such evidence when "the transactions in respect to which evidence was given were all intimately connected in point of time, place, and circumstance with that for which the accused was indicted, so that they formed a continuous series of transactions, each throwing light upon the other, upon the question of knowledge, intent, and motive." See Coleman v. People of the State of N. Y., 58 N. Y. 555; People v. Grossman, 168 N. Y. 47, 60 N. E. 1050.

[2] The people offered the testimony of the agent of an express company in Paterson, N. J., that the defendant at 6 p. m. of February 9, 1910, at the Erie Railroad station in that city, shipped a bag of harness to A. Cohen, Glen Cove, Long Island. But Stevenson and one of the policemen had testified that on February 10th Stevenson found his harness in the premises of Fine in Paterson, N. J. There was no proof whatever that connected the harness thus shipped and the harness thereafter found, and it would seem that there could be no possible

relation between Stevenson's harness found in Paterson on February 10th and harness shipped to Cohen, Glen Cove, on February 9th by express, for which a receipt and a waybill were given. But the assistant district attorney in his address to the jury said in part:

"We show you that on the 9th day of February, at 6 o'clock in the evening, this defendant was in the express office at Paterson, N. J., and expressed a package of saddlery and harness to Glen Cove. Those things bear upon the fact as to whether this defendant did or did not take the horses, the fact that he had the harness in his possession, that he expressed the harness out on the island. They attempt to deny it. Again I am prevented— Defendant's Counsel: Now— The Court: No."

[3] It rests with the people "to show conclusively these errors were innoxious." People v. Coleman, supra. See, too, People v. Koerner, 154 N. Y. 355, 48 N. E. 730; Greene v. White, 37 N. Y. 405–407; People v. Corey, 148 N. Y. 476–494, 42 N. E. 1066. I think that we should reverse the judgment under our broad powers of review. Section 527, Code of Criminal Procedure; People v. Sherlock, 166 N. Y. 180–183, 59 N. E. 830; People v. Kathan, 136 App. Div. 303–311, 120 N. Y. Supp. 1096.

[4-8] The conscious, exclusive, and recent possession of stolen property warrants an inference that the possessor was guilty of the crime by which that property was taken from its owner for the reason that experience so indicates and that generally the possessor knows exclusively the events which brought possession in him. Griffen v. Manice, 166 N. Y. 194, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. Such possession raises a presumption of fact. Stover v. People, 56 N. Y. 315. It should be noted that the possession must be exclusive (Knickerbocker v. People, 43 N. Y. 177; People v. Wilson, 151 N. Y. 403, 45 N. E. 862) and "recent," although "recent" is a relative term dependent on the surrounding circumstances, including the character of the property, of each case, and not susceptible of precise definition (State v. Hodge, 50 N. H. 510–516; Wharton's Criminal Evidence, § 759; "Recent" in Words and Phrases Judicially Defined; Rice on Evidence, vol. 3, p. 733). And such possession, if unexplained to the satisfaction of the jury, is sufficient to sustain a conviction of the possessor of the crime by which it is proved the property was taken. Knickerbocker v. People, supra; People v. Stover, supra; People v. Wilson, supra. In Knickerbocker v. People, supra, the court cites with approval the language of Littledale, J., in Rex v. Smith, 1 Ry. & Mood. 295, proof "of possession of stolen property soon after a robbery refers to the original taking with all its circumstances." If the explanation as to possession create a reasonable doubt in favor of the possessor, it would practically rebut the presumption of guilt arising from the mere possession. Dame v. Coffman, 58 Ind. 345; Rice on Evidence, vol. 3, 734.

[9, 10] But the mere proof of such possession, unexplained to the satisfaction of the jury, would not justify the jury in finding that the possessor was guilty of the crime of burglary; for example, if that were the crime whereby the property was originally taken, if the evidence disclosed to the satisfaction of the jury that the possessor was

only a receiver of stolen goods. Gray, J., writing for the court in People v. Wilson, supra, says:

"If the evidence satisfies the jury that the larceny was committed by some other person than the defendant and that some part of the stolen property was found in the defendant's conscious and exclusive possession, they might convict him of the crime of receiving stolen goods and acquit him of the crime of larceny."

Russell on Crimes, vol. 2, p. 1482, says:

"The possession of property that has been recently stolen is evidence either that the person in possession stole the property, or that he received it knowing it to be .stolen according to the other circumstances of the case. So where the prisoner was found in the possession of some sheep that had been recently stolen, of which he could give no satisfactory account, and it might reasonably be inferred from the circumstances that he did not steal them himself, and he was convicted of receiving, it was held upon a case reserved that there was evidence for the jury that he received them knowing them to have been stolen."

And the same author cites the language of Blackburn, J., in R. v. Langmead, L. & C. 427:

"When it has been shown that property has been stolen, and has been found recently after its loss in the possession of the prisoner, he is called upon to account for having it, and, on his failing to do so, the jury may very well infer that his possession was dishonest, and that he was. either the thief or the receiver, according to the circumstances. If he had been seen near the place where the property was kept before it was stolen, they may fairly infer that he was the thief. If other circumstances show that it is more probable that he was not the thief, the presumption would be that he was the receiver. The jury should not convict the prisoner of receiving unless they are satisfied that he is not the actual thief."

In the case at bar, if the jury were convinced that the proof showed that the defendant was *only* a receiver of stolen goods, they should not, upon mere proof of his possession, conscious, exclusive, recent, and unexplained as to its innocence, have found a verdict of guilty; for the indictment charges burglary and larceny only, although a count for receiving of stolen goods could have been included therein. People v. Wilson, supra. Of course, the jury could have rejected the testimony as to the way whereby the defendant came into possession, and have rested their general verdict of guilty upon the possession, provided they were satisfied by the proof that the property had been taken from the owner by a burglary or a larceny.

[11] So far as the presumption that rests upon possession is supported by the defendant's "proved or presumed ability" of explanation, "it must, if he refuses to testify, rest upon his proved or presumed ability to explain his possession by other evidence than his own testimony." State v. Hodge, supra, at page 517 of 50 N. H. To urge that his omission to take the witness stand must make against him, so far as the lack of explanation is concerned, is to offend the statute. Section 393, Code of Criminal Procedure.

[12-14] The declarations of Laskowitz at the time of the joint arrest were not admissible as of the res gestæ, in so far as they referred to past occurrences, nor were they admissible upon the theory of a conspiracy unless evidence had been or was thereafter produced tending to establish such concerted action for the commission of the crimes

charged in the indictment. Such declarations as bore upon the question of a reply by the defendant were admissible, not, however, as evidence, but only for that purpose. People v. Kennedy, 164 N. Y. 449, 58 N. E. 652.

The judgment of conviction is reversed, and a new trial is ordered. All concur.