THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH
RICHARDS, Alias "JOSEPH RICHETSKY," Appellant.

Second Department, March 30, 1942.

*Joseph Richards,* appellant, in person.

*James F. T. Delaney, Assistant District Attorney [Charles P.
Sullivan, District Attorney,* with him on the brief], for the
respondent.

PER CURIAM. In an action upon an indictment containing six counts, charging defendant with the commission of three burglaries and with three larcenies, each related to a respective burglary, the court properly exercised its discretion in denying defendant's motion to compel respondent to elect between counts. Where the evidence showed that the larcenies were burglarious, the recent and unexplained or falsely explained possession by the defendant of the stolen property created a presumption of fact of defendant's guilt not only of the larcenies but also of the burglaries (*Knickerbocker* v. *People*, 43 N. Y. 177), and the jury was properly instructed concerning this presumption (*Stover* v. *People*, 56 N. Y. 315). Such presumption did not violate the defendant's statutory presumption of innocence or compel him to be a witness in his own behalf. (*People* v. *Friedman*, 149 App. Div. 873.) The defendant failed to object to the competency of certain oral admissions because of their alleged involuntary character and the written confession was properly submitted to the jury to determine on all the evidence, including defendant's long detention by the police prior to his arraignment, whether the same had been voluntarily made. The court properly instructed the jury to consider separately the counts in the indictment and its verdict " Guilty as charged on all counts " did not constitute a general verdict. After defendant was found guilty on a prior offender indictment, in which two previous convictions were alleged under section 1941 of the Penal Law and before he was sentenced, defendant was tried on an information filed pursuant to section 1943 of the Penal Law, charging a third previous conviction. The adoption by the respondents of the provisions of section 1941 to prove two previous convictions did not bar them from employing the method defined in section 1943 for the purpose of identifying the defendant with a third previous conviction. Since section 1699 of the Penal Law applies to punishment only, the defendant's conviction of the crime of escape in violation of section 1694 of the Penal Law could be used as one of the previous convictions upon which to base the fourth offender punishment provided by section 1942 of the Penal Law. In this case the defendant was punished under section 1942 for the crimes of burglary and grand larceny and not for the crime of escape.

The judgment of conviction should be affirmed.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON and CLOSE, JJ.; ADEL, J., not voting.

Judgment of conviction unanimously affirmed.