# WEDDLE *v.* STATE

[No. 190, September Term, 1961.]

*Decided March 16, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*G. Joseph Sills, Jr.,* for the appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Lucy Ann Garvey, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is an appeal by Gene D. Weddle from the judgment and sentence of the Criminal Court of Baltimore upon his conviction by the court, sitting without a jury, of receiving stolen goods.

On February 16, 1961, the appellant was indicted in a six count indictment, the first two counts charging statutory burglary, the third count with being a rogue and vagabond, the fourth count grand larceny, the fifth count receiving stolen goods, and the sixth count with breaking and entering a storeroom and stealing therefrom goods to the value of $5. and

upwards. He was arraigned on March 1, 1961, and pleaded not guilty. At his trial on May 31, 1961, the trial judge found him guilty on the fifth count of the indictment charging him with receiving stolen goods, and imposed a sentence of not more than three years in the Maryland State Reformatory for Males.

The testimony produced by the State at the trial established that some time between 11:20 p.m. December 31, 1960, and the morning hours of January 2, 1961, the B & S Liquor Store, 2125 West Pratt Street, Baltimore, Maryland, was burglarized. Samuel Sanker, one of the owners, testified that, together with various items of merchandise and cash, a .32 caliber, Spanish, automatic pistol, with skull and crossbones on the handle, was stolen. This pistol, introduced in evidence as State's Exhibit 1, was recovered on January 9, 1961, some seven to nine days after the possible date of the burglary. Officer Asby, of the Baltimore County Police, testified that he and another officer apprehended the appellant, with Joseph C. Stillings, while investigating an attempted burglary of Seeger's Tavern in Lansdowne, Maryland. The appellant was observed by Officer Asby as he stepped away from the building, and threw away a tire iron. The pistol was found, after a search of the area, somewhere from two to five feet from the appellant's position when apprehended. Stillings was caught at the corner of the building, about ten feet from where appellant was first observed. When he was questioned by the county police the appellant denied owning or possessing the gun. No fingerprints were found on it. Officer Charles Moser of the Baltimore City Police then testified that he and others questioned the appellant about the Pratt Street burglary, the appellant denied knowing anything about it; and finally that Stillings in Weddle's presence said that Weddle had the gun. This accusation was neither confirmed nor denied by the appellant, who remained silent. The appellant did not testify, but Alice Green, Rita Pollock, and James Weddle, called on his behalf, testified attempting to establish an alibi as to his whereabouts over the New Year's weekend. After the appellant's motion for directed verdict at the close of all of the evidence, the trial judge denied the motion, and found the appellant guilty on the fifth

count of receiving stolen goods. He found as facts that the pistol had been stolen and that it was in appellant's possession, concluding his opinion with this statement: "There is no evidence [that has] been introduced of course as to how you got the gun."

This appeal presents the question of whether or not a verdict of not guilty should have been directed for lack of evidence sufficient in law to prove: (a) that the appellant ever was in possession of the stolen property; (b) that the appellant ever received it from another; or (c) that the appellant knew or must have known that the property was stolen.

### (a) and (b)

In order to constitute the offense of receiving stolen goods four elements are necessary: (1) the property must be received; (2) it must, at the time of its receipt, be stolen property; (3) the receiver must have guilty knowledge that it is stolen property; and (4) his intent in receiving it must be fraudulent. *Jordan v. State,* 219 Md. 36, 148 A. 2d 292; Clark & Marshall, *Crimes* (6th ed.), Sec. 12.37; Hocheimer, *Criminal Law* (1st ed.), Sec. 787.

To satisfy the element of possession the accused need not be shown to have manual possession of the stolen goods, but is deemed to have had possession of the goods "as soon as one obtains a measure of control or dominion over the custody of the goods." *Polansky v. State,* 205 Md. 362, 366, 109 A. 2d 52; see also *Jordan v. State, supra.*

In *Jordan* the evidence showed that the defendant was found in the early hours of the morning on a pathway in a wooded area, near a dismantled stolen car, and in possession of a floor mat which had been removed from the stolen vehicle. This, together with his own implausible testimony, and other evidence of an incriminating and suspicious nature, was held sufficient by this Court to warrant an inference that the defendant was in constructive possession of the entire automobile. Here, the appellant was apprehended some two to five feet from where the pistol, which had been identified by Sanker as having been stolen from his Pratt Street liquor store, was found. When he was discovered by the Baltimore County offi-

cers he was perpetrating, or attempting to perpetrate, a burglary. No explanation was offered accounting for the location of the pistol. These facts, in our opinion, justified a rational inference by the court below that the appellant was in actual possession and had dominion over the pistol.

It was argued by the appellant that since there was a lack of evidence that he received the pistol from some other person, it must be inferred that he was the thief. *Debinski v. State,* 194 Md. 355, 71 A. 2d 460. We find no merit in this argument which was specifically rejected in *Jordan v. State, supra.* Suffice it to say that the inference to be drawn was one of fact, and the court was justified in mitigating his guilt in finding him guilty of receiving stolen goods, rather than larceny. *Jordan v. State, supra.* This inference was further fortified by the fact that the only evidence offered by the appellant had the effect of establishing an alibi on the occasion of the theft of the pistol, thus attempting to exclude the appellant as the possible thief.

### (c)

Guilty knowledge by the receiver that the property was stolen is an essential element of the offense of receiving stolen goods. It is not necessary that evidence of such knowledge be direct, but it is sufficient if guilty knowledge may be inferred from circumstantial evidence when such evidence clearly indicates that the accused knew or must have reasonably suspected that the property in his possession or under his control had been stolen. *Jordan v. State, supra; Lloyd v. State,* 219 Md. 343, 149 A. 2d 369; *Bell v. State,* 220 Md. 75, 150 A. 2d 908. However, the cases are in conflict as to the effect of the unexplained possession of recently stolen goods by one charged with unlawfully receiving them. Some of the courts hold that the mere naked possession of stolen goods, without more, is insufficient to impute to the possessor knowledge that they were stolen. On the other hand, some courts hold that recent possession imposes on the accused the onus of explaining the possession and warrants a conviction if unexplained. Annot. 68 A.L.R. 187. Cf. Annot. 147 A.L.R. 1058. But all courts are in accord that such possession is a strong circumstance to

be considered, with all the evidence in the case, on the question of guilty knowledge. *Jordan v. State, supra,* and authorities cited therein.

Appellant argued that there was not sufficient evidence of guilty knowledge on his part that the pistol was stolen to support a verdict of guilty of receiving stolen goods. The trial judge found as facts that the appellant was in possession of the pistol and that it had recently been stolen. The evidence is sufficient to sustain these findings. The appellant offered no explanation of the possession of the pistol—indeed, he denied it. He did offer testimony intended to establish an alibi showing that he was not the thief. From all the evidence the trial judge drew the inference that the appellant was a receiver of stolen goods, and we think that he was warranted in so doing. The appellant's possession of the recently stolen pistol would as validly justify an inference of fact that when he received it he knew, or must have reasonably suspected, it to have been stolen, as it would justify an inference that he was the thief.

As Judge Cardozo was quoted with approval in *Jordan v. State, supra,* at page 47:

> " 'Only half of the problem, however, has been solved when guilty possession fixes the identity of the offender. There remains the question of the nature of his offense. Here again the facts must shape the inference. Is the guilty possessor the thief, or is he a receiver of stolen goods? Judges have said that, if nothing more is shown, we may take him to be the thief. * * * But as soon as evidence is offered that the theft was committed by someone else, the inference changes, and he becomes a receiver of stolen goods. *Goldstein v. People, supra; People v. Friedman,* 149 App. Div. 873, 877, 134 N. Y. Supp. 153; 2 Russell on Crimes (6th ed.) p. 287 *et seq.*' "

We think that the evidence produced, and the reasonable and proper inferences from such evidence, permitted a finding of all of the essential elements of the offense of which the appellant was found guilty.

*Judgment affirmed.*