## WEDDLE *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 41, September Term, 1962.]

*Decided January 31, 1963.*

Before the full Court.

PER CURIAM.

The applicant, Weddle, seeks leave to appeal from the denial of what he designated as a petition for a writ of mandamus, but which sought his release from confinement in the Patuxent Institution and which consequently has been treated as an application under the Post Conviction Procedure Act. It appears that he was sent to Patuxent for observation and he states that he has not been committed to Patuxent Institution as a defective delinquent.

Weddle was convicted in the Criminal Court of Baltimore on a charge of receiving stolen goods and was sentenced to imprisonment. On appeal his conviction was affirmed by this Court. *Weddle v. State,* 228 Md. 98, 178 A. 2d 882.

He filed an application under the Post Conviction Procedure Act (the PCPA) which Judge Manley denied by a carefully considered opinion and order on July 6, 1962. On July 18, 1962, Weddle filed his present petition designated, as above stated, as a petition for a writ of mandamus. This document

was not and did not purport to be an appeal or an application for leave to appeal from Judge Manley's order. Even if it could be so considered, we should deny leave to appeal for the reasons stated by Judge Manley for denying relief.

On this second application, treating it as did the trial court, as an application under the PCPA, we deny leave to appeal for the reasons stated in Judge Harlan's opinion for denying relief.

If this petition were to be considered as a petition for a writ of habeas corpus, we should be without jurisdiction to entertain an appeal or an application for leave to appeal. Code (1962 Cum. Supp.), Art. 27, § 645 A(b) (a part of the PCPA); Acts of 1958, Ch. 45, Sec. 1.

*Application denied.*