## FLETCHER *v.* STATE

[No. 178, September Term, 1962.]

*Decided March 27, 1963.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Kenneth E. Pruden,* with whom were *Mitchell, Clagett & Euwer* on the brief, for appellant.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William L. Kahler* and *Richard E. Painter, State's Attorney* and *Assistant State's Attorney,* respectively, for Prince George's County, on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

John Francis Fletcher, appellant, was charged in a three count criminal information with (1) larceny of a motor vehicle; (2) receiving stolen goods; and (3) larceny of the use of a motor vehicle. All three counts referred to the same motor vehicle. In a non-jury trial in the Circuit Court for Prince George's County he was found not guilty under the first count and guilty under the second and third counts. He was sentenced to serve two years on the second count and six months on the third count, the latter sentence being suspended. He claims on this appeal that the verdicts of guilty of the crimes of receiving and of larceny of the use of the same vehicle, based upon the same evidence, are inconsistent and therefore fatally defective.

We agree that the two convictions are inconsistent. This Court has often recognized that a finding of guilt on two inconsistent counts, such as larceny and receiving, is defective. See *Hardesty v. State,* 223 Md. 559, 562, 165 A. 2d 761 (1960) ; *Bell v. State,* 220 Md. 75, 81, 150 A. 2d 908 (1959) ; *Heinze v. State,* 184 Md. 613, 617, 42 A. 2d 128 (1945). As was stated in the *Bell* case, *supra* (at pp. 80-81 of 220 Md.) :

> "* * * This is so because a defendant cannot be both a thief and a receiver when it is apparent that the property alleged to have been stolen is the same as that alleged to have been received. When a verdict of guilty is rendered on inconsistent counts, the defendant has a right to require the trier of facts to specify on which of the counts he is guilty * * *."

We think that a consideration of the elements constituting the offenses of receiving stolen goods and larceny of the use of a motor vehicle requires the same result as that reached in the cases cited.

It is generally held that the common law crime of larceny involves a felonious taking and carrying away of the personal property of another with intent to deprive the owner of his property permanently. *Putinski v. State,* 223 Md. 1, 161 A. 2d 117 (1960); see also *Murray v. State,* 214 Md. 383, 135 A. 2d 314 (1957). It has been said that it is the act of taking which distinguishes larceny from its kindred offense of receiving stolen goods. 52 C.J.S., *Larceny,* Sec. 5; see also *Brizzie v. State,* 120 So. 2d 27 (Fla. App. 1960). While our statutes, Code (1957 and 1962 Supp.), Art. 27, Secs. 466 and 467, do not define the offense of receiving stolen goods, but merely prescribe the punishment therefor, the Maryland cases recognize that four elements are necessary to constitute the crime: (1) the property must be received; (2) it must, at the time of its receipt, be stolen property; (3) the receiver must have guilty knowledge that it is stolen property; and (4) his intent in receiving it must be fraudulent. *Weddle v. State,* 228 Md. 98, 102, 178 A. 2d 882 (1962); *Jordan v. State,* 219 Md. 36, 43, 148 A. 2d 292 (1959). And we have said that although the fraudulent intention of the receiver of stolen goods need not be *lucri causa,* it must be *hostile to the title of the true owner. Jordan v. State, supra; State v. Hodges,* 55 Md. 127 (1880). While it hardly need be said that one who receives stolen goods for the purpose of converting them to his own use commits the crime of receiving, it is pointed out in the *Hodges* case, *supra,* that if one receives stolen goods, knowing them to be stolen, for the mere purpose of concealment, without deriving any profit, or merely to assist or aid the thief, he also is guilty of the offense of receiving. Stated otherwise, in order to constitute the crime, there must be an absence of intent to restore the property to the owner. *Johnson v. State,* 132 So. 2d 485 (Ala. App. 1961); *State v. Harris,* 313 S. W. 2d 664 (Mo. 1958); 76 C.J.S., *Receiving Stolen Goods,* Sec. 9. Thus, reflected from the crime

of larceny, so to speak, an intent to deprive the owner of his property permanently would seem to be implicit in the concept of the offense of receiving stolen goods.

The intent of permanent deprivation is the factor which distinguishes the crime of receiving stolen goods from the offense of larceny of use of a vehicle. As to the latter, Code (1957), Art. 27, Sec. 349, declares that it is a misdemeanor for any person, his aiders or abettors, to take and carry away out of the custody or use of any other person any of the kinds of property enumerated therein, including motor vehicles, although it may appear from the evidence that the offender, his aiders and abettors, took and carried away the property for his or their present use, and not with the intent of appropriating or converting the same. It is obvious that the phraseology of this statute does not cover cases involving an intent to deprive an owner of his property permanently, as in larceny or receiving, but is designed to embrace only cases involving intent to deprive the owner of his custody or use of such property temporarily, without intent to steal it. See *Anello v. State,* 201 Md. 164, 93 A. 2d 71 (1952); *Wright v. Sas,* 187 Md. 507, 50 A. 2d 809 (1947).

From what has been said it is manifest that a defendant cannot be found guilty of receiving a stolen motor vehicle and of larceny of the use of the same vehicle, based upon the same evidence. Since the convictions on those two charges in the instant case were inconsistent, and a different sentence was imposed under each count (cf. *Bell v. State, supra*), even though the lesser sentence was suspended, the case will be remanded, without affirmance or reversal, to the end that the trial court may determine from the evidence produced at the trial which conviction should be permitted to stand, and, as to the other count, to strike out the verdict of guilty and the sentence thereunder, and to enter a verdict of not guilty under that count. Maryland Rule 871.

> *Case remanded, without affirmance or reversal, for further proceedings consistent with this opinion.*