## CARTER v. STATE

[No. 283, September Term, 1962.]

*Decided May 7, 1963.*

The cause was submitted to HENDERSON, HAMMOND, PRES-COTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Nathan Stern* and *Morris Lee Kaplan,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General, Robert C. Murphy, Deputy Attorney General, William J. O'Donnell* and *Lucy Ann Garvey, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, for appellee.

PER CURIAM.

Roosevelt Willie Carter, convicted of receiving stolen property, contends on appeal that his conviction by the court, sitting without a jury, was not supported by the evidence.

"Proof of *receiving* is established when it is shown that the defendant, with a dishonest intent, receives stolen property from another, knowing it to have been stolen." *Lloyd v. State,* 219

Md. 343, 350. See also *Weddle v. State,* 228 Md. 98; *Jordan v. State,* 219 Md. 36.

There was evidence that an unrelated Eli Carter and the appellant were together at four o'clock in the morning in the immediate vicinity of a store that had been burglarized. There was evidence that Eli Carter broke into the store and took a number of shirts and hats and immediately thereafter gave three of the stolen shirts to the appellant. There was evidence that the appellant left the scene and was apprehended some three blocks from the burglarized premises with the stolen shirts in his possession. And there was also evidence that the appellant had acted as a "lookout" for Eli Carter.

The explanation given by the appellant for his possession of the stolen property was that he was waiting on a corner for a street car when Eli Carter came along; that he later went by himself to get something to eat and was returning to the corner to resume waiting for the street car when Eli Carter gave him the shirts; that upon inquiring he was assured that the shirts were not stolen; and that after he received the shirts he decided to go to the home of his girl friend and spend the remainder of the night and was arrested while he was on his way there. But the trial court disbelieved the explanation and found the appellant guilty of receiving stolen property, and we cannot say that the finding was clearly erroneous. Since the inference of guilt to be drawn from the recent possession of stolen property was one of fact and there was no evidence that the appellant was the thief—he denied all knowledge of the burglary and larceny —the court, in consideration of the implausible explanation, was justified in finding the appellant guilty of receiving. See *Weddle v. State* and *Jordan v. State,* both *supra*.

*Judgment affirmed.*