DEWEY LEE McGLOTHLIN *v.* STATE OF MARYLAND

[No. 55, Initial Term, 1967.]

258

*Decided May 9, 1967.*

The cause was argued before ANDERSON, MORTON, and ORTH, JJ., and MACGILL, J., Chief Judge of the Fifth Judicial Circuit, specially assigned, and JENIFER, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*William O. Goldstein* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E.*

*Moylan, Jr., State's Attorney for Baltimore City,* and *Robert G. Baker, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

JENIFER, J., delivered the opinion of the Court.

The Appellant, Dewey Lee McGlothlin, was convicted of receiving stolen goods by the Court without a jury on December 9, 1965, in the Criminal Court of Baltimore, Judge Anselm Sodaro presiding. On this appeal the Appellant contends:

1. He should have been granted a Judgment of Acquittal at the conclusion of the State's case and/or at the conclusion of the entire case; and

2. There was insufficient evidence to convict him of the crime of receiving stolen goods.

The evidence adduced at the trial showed that the home of the prosecuting witness, located at 3924 Brooklyn Avenue, Baltimore, Maryland, had been broken into on November 2, 1965, and that taken therefrom were a tape recorder, a radio, and a wrist watch. The prosecuting witness further testified as to the value of these items and positively identified each of them in the courtroom. They were then introduced into evidence as State's exhibits.

Albert A. Goddin, an employee of Cherry's Loan Office, testified that on November 3, 1965, the Appellant and Thomas Ritter, a co-defendant, accompanied by a woman, entered his place of employment and attempted to pawn the tape recorder that had been identified by the prosecuting witness as his property. He stated that the Appellant had first tried to pawn the said tape recorder, but because he did not have identification, Ritter pawned the same under the name of Richard D. Jones. He further testified that on November 6, 1965, the Appellant again came into Goddin's place of employment and attempted to pawn the radio which had been identified by the prosecuting witness as the one stolen from his home. Mr. Goddin, having been notified by the police that these items were stolen, alerted the police, who immediately responded to a call to the loan office and arrested the Appellant.

Detective Sergeant Paul Kriewald of the Baltimore City

Police Department, Detective Bureau, was called on behalf of the State and testified as to his interrogation of the Appellant. Sergeant Kriewald stated that the Appellant admitted his attempt to pawn the stolen radio but stated that he was doing same for one George Akers, a friend who resided with him. The Sergeant thereafter stated that Akers was arrested and refused to make any statements relative to his situation at all.

The State then rested its case, and the Appellant moved for a judgment of acquittal which was denied by the Court.

After a denial of the motion, a co-defendant, Thomas Ritter, took the stand and testified in his own behalf, alleging that he had purchased all the items involved in the instant case from a "guy named Milton" at the Greyhound Bus Station. He further testified that he had inquired of the Appellant where a good pawn shop was, and thereafter the Appellant and his wife went with him to such a shop to assist him in the transaction, so that he would not get "jewed down on the money." He also stated that the Appellant received no portion of the money received in pawning the tape recorder. On cross-examination by counsel for the Appellant, Ritter stated that he had sold the radio in question to a George Akers.

George William Akers then took the stand on behalf of the Appellant and stated that he had purchased the radio in question from the co-defendant Ritter, and had asked the Appellant to pawn the same for him.

The Appellant thereafter took the stand in his own behalf and testified that he went with the co-defendant Ritter on November 3, 1965, to show him where a pawn shop was, and that he received no part of the money received as a result of the pawning. He further testified that on November 6, 1965, Akers did give him a radio so that he could pawn it for him.

The Appellant's wife testified in his behalf, stating that she was present when her husband and the co-defendant Ritter went to the pawn shop to pawn the tape recorder; that Mr. Ritter did the actual pawning and that neither she nor her husband got any portion of the monies received therefrom.

The Appellant rested his case and again moved for a judgment of acquittal. The Court granted the motion as to all counts

except the fourth count, charging the Appellant with receiving stolen goods.

The Court feels that the Appellant's first contention that the lower court erred when it failed to grant his motion for acquittal at the close of the evidence offered by the State is without merit, since he (Appellant) thereafter offered evidence on his own behalf, and by doing so he withdrew his motion. This premise is clearly stated in Rule 755b of the Maryland Rules of Procedure which states:

> "A motion for judgment of acquittal on one or more counts, or one or more degrees of an offense, may be made by an accused at the close of the evidence offered by the State, or may be made at the close of all the evidence, whether or not such motion was made at the close of the evidence offered by the State. *If the motion is not granted at the close of the evidence offered, the accused may offer evidence without having reserved the right to do so, but by so doing he withdraws his motion.*" (Underscoring supplied.)

As to the Appellant's contention that the lower court was in error by not granting his renewed motion for acquittal at the close of the entire case the court is of the opinion that it is redundant and merges with his second contention, that there was insufficient evidence to sustain his conviction.

In order to determine whether there was sufficient evidence to convict the Appellant of the crime of receiving stolen goods it is necessary to look to what elements are necessary to constitute such an offense, and whether these elements are present in the case at bar.

The leading case in Maryland as to what constitutes the crime of receiving stolen goods is *Jordan v. State,* 219 Md. 36; 148 A. 2d 292. In this case the Court stated that four necessary elements must be present to sustain a conviction of the aforesaid crime:

(1) The property must be received;

(2) It must, at the time of its receipt, be stolen property;

(3) The receiver must have guilty knowledge that it was stolen property; and

(4) His intent in receiving it must be fraudulent.

Also see *Weddle v. State*, 228 Md. 98, 178 A. 2d 882; *Fletcher v. State*, 231 Md. 190, 189 A. 2d 641.

Elements (2) and (4), the property must be stolen and intent fraudulent, may be disposed of summarily. The prosecuting witness testified that his house was broken into and that the tape recorder, radio, and wrist watch which were received into evidence in the instant case were stolen from his house, and readily identified these items as his property. Therefore, a finding that such property was stolen was amply justified. As stated at page 43 in the *Jordan* case, supra, "And while the fraudulent intention of the receiver of stolen goods is an essential element of the offense as pointed out above, the intention need not be lucri causa, but one merely hostile to the title of the true owner." *State v. Hodges*, 55 Md. 127; *Fletcher v. State*, supra. It is quite clear from the evidence that the Appellant at least attempted to pawn the prosecuting witness' radio, an act clearly hostile to the title of the true owner and therefore inferring a fraudulent intent.

It is clear that element (1), that the property must be received, is also met since the Appellant did have dominion and control over the radio when he had manual possession of the property as he attempted to pawn it. See *Jordan v. State*, supra; *Lloyd v. State*, 219 Md. 343, 149 A. 2d 369; *Carter v. State*, 231 Md. 409, 190 A. 2d 548.

Element (3), guilty knowledge that the property is stolen, is one of the essential elements of receiving stolen property, but it is not necessary that such knowledge be direct or actual, and such knowledge may be found in a rational inference deduced from circumstantial evidence when such proof indicates that the receiver knew or could reasonably have suspected that the property in his possession was stolen. *Jordan v. State*, supra; *Weddle v. State*, supra; *McCray v. State*, 236 Md. 9, 202 A. 2d 320.

It has also been held that the possession of stolen property by one charged with unlawfully receiving it, although not sufficient to show guilty knowledge is a strong circumstance to be considered with all the other evidence of guilty knowledge. *Jordan v. State*, supra; *McCray v. State*, supra. In the case be-

fore this Court, the Appellant claims that he innocently took possession of the radio to pawn it for his friend, Akers, and that he never had possession of the other items. One thing to notice is that the Appellant never claimed that he inquired as to the ownership of the property. The only explanation offered was when the co-defendant Ritter testified that he purchased the goods in question at the Greyhound Bus Station and in turn purportedly sold the radio to Akers. All of these transactions were uncorroborated by other testimony by disinterested parties. Also, neither the statements by Ritter and the Appellant show that they did not know, or could not have reasonably known, that the goods were stolen. The evidence offered only shows that possibly someone else committed the theft and that the possessor then would be a receiver through deductive reasoning.

The Court takes cognizance of the dates involved in this case. The goods were stolen on November 2, 1965, and on November 3rd the Appellant and Ritter attempted to pawn the stolen tape recorder. Subsequently on November 6th, the Appellant returned to the same shop and atempted to pawn the stolen radio at which time he was arrested. In Maryland, the unexplained possession of recently stolen property is evidence of guilt of larceny. *McCray v. State,* supra. Also, the possession of recently stolen property constitutes prima facie proof that the possessor was the thief. *Bell v. State,* 220 Md. 75, 150 A. 2d 908.

The Court in *Jordan v. State,* supra, stated that where the inference that the defendant was a receiver was just as reasonable as the inference that he was the thief, or one of several thieves, the lower court was correct in giving the defendant the benefit of the conclusion that would mitigate his guilt, namely that he was a receiver of the property and not the thief.

The Appellant also claimed that he received no monies from the pawning of the stolen goods. The Court feels that this contention is without merit since persons receiving stolen goods need not profit therefrom. *State v. Hodges,* supra; *Fletcher v. State,* supra.

After reviewing all the foregoing facts and evidence in this case, it is apparent to the Court that there was sufficient evidence to convict the Appellant of receiving stolen goods, there-

fore the conviction of the lower court will be sustained. It is certain that the verdict of the lower court, sitting without a jury, is not clearly erroneous. (See Rule 1086; *Drouin v. State,* 222 Md. 271, 160 A. 2d 85; *McCray v. State,* supra.)

*Judgment affirmed.*