THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES CAPOLA, Alias DOMINICK CAPPOLA, Alias JAMES CAVOS, Alias JAMES CAVINS, Appellant.

Second Department, December 15, 1941.

*Leon Mirabeau,* for the appellant.

*Joseph F. Gagliardi* [*Elbert T. Gallagher, District Attorney,* with him on the brief], for the respondent.

PER CURIAM. The appellant was convicted in the County Court of Westchester County of the crime of burglary in the third degree and sentenced, as a fourth offender, to an indeterminate term of from thirty years to life. The evidence, if accepted by the jury, establishes the guilt of the defendant beyond a reasonable doubt, but an error in the admission of certain evidence, over the objection and exception of the defendant, requires a reversal and a new trial.

When the defendant was arrested none of the fruits of the recent burglary were found in his possession, but he was wearing certain jewelry, consisting of a ring and a wrist watch. The fact that he was wearing the ring was developed by the defendant's counsel

during the cross-examination of one of the police officers concerned in the arrest. The same witness, without any objection being made, volunteered the statement that the defendant was also wearing a wrist watch. The officer was interrogated by the defendant's counsel concerning an investigation he had made as to the truth of a statement made by the defendant to the effect that the ring was given to him by his mother, and as to whether the officer had attempted to determine whether or not the ring was stolen. The answer would furnish the basis for an inference favorable to the defendant.

On redirect examination of this same witness the assistant district attorney, over the objection and exception of the defendant, adduced testimony to the effect that an investigation by the officer had established that the watch had been stolen from a house in the same neighborhood about a week before the commission of the crime for which the defendant stands convicted. The admission of this evidence was error. The only effect of this evidence was to discredit the defendant by showing or tending to show that he has been guilty of a crime other than the one for which he was on trial. Such evidence is inadmissible. (*People* v. *Freeman*, 203 N. Y. 267; *People* v. *Friedman*, 149 App. Div. 873.) The evidence was also inadmissible because it was, of necessity, hearsay and conclusory in character, but the objection was not based upon this ground.

As there is to be a new trial, it seems advisable to point out that the court concededly committed error in limiting the defendant to five peremptory challenges. (Code Crim. Proc. § 373.) However, this error, of itself, would not require a reversal, for the reason that the exception was not placed upon the proper ground, and for the further reason that the defendant did not exhaust the number of peremptory challenges allowed. (*People* v. *Lammerts*, 164 N. Y. 137, and cases therein cited; *Stroud* v. *United States*, 251 U. S. 15; *Hayes* v. *Missouri*, 120 id. 68.)

The judgment of the County Court of Westchester County, convicting the defendant of the crime of burglary in the third degree, should be reversed on the law and a new trial ordered.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., concur; TAYLOR, J., concurs in result.

Judgment of the County Court of Westchester County, convicting the defendant of the crime of burglary in the third degree, reversed on the law and a new trial ordered.