■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK A. DI PALMA and JOSEPH RAGUSA, Appellants.— Appeals by defendants from judgments of the Supreme Court, Kings County, rendered September 27, 1963 after a jury trial, convicting them of possession of burglar's instruments as a felony (Penal Law, § 408) and petit larceny, and imposing sentence. Judgments affirmed. The evidence justified findings that the defendant Ragusa, acting in concert with the defendant Di Palma, had a bolt cutter in his hands; that he was cutting off segments of electric cable from a reel of cable which was the property of the Consolidated Edison Company; and that the defendants were in the process of stealing the cable. Although there was no proof that the defendant Di Palma ever had actual physical possession of said cutter, it is our opinion that said defendant was properly convicted (Penal Law, § 2, definition of principal; *Commonwealth* v. *Tivnon*, 74 Mass. 375; *People* v. *Birnbaum*, 208 App. Div. 476; 103 A. L. R. 1314–1315). Assuming that the defendants were entitled to 20 peremptory challenges during the selection of the regular jury

(but see *People* v. *Reese*, 258 N. Y. 89; *People* v. *Reilly*, 49 App. Div. 218, affd. 164 N. Y. 600), the allowance of only five peremptory challenges does not constitute reversible error in the absence of a showing and claim that the defendants had exhausted their five peremptory challenges (*People* v. *Capola*, 263 App. Div. 57). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.