GEORGE W. OWENS, for plaintiff in error.

W. G. BRANTLEY, solicitor-general, by HARRISON & PEEPLES, *contra.*

---

## TARPE *v.* THE STATE.

LUMPKIN, J.—The evidence to connect the accused with the burglary as a principal being wholly circumstantial, and while sufficient to raise a presumption against him, yet as it did not exclude every other reasonable hypothesis, but on the contrary the hypothesis that the burglary was committed by the woman with whom he lived being sustained, not only by her positive testimony but by physical facts established by other witnesses, the verdict for burglary was unwarranted by the evidence and the court erred in not granting a new trial.   The evidence was sufficient to convict the accused as accessory after the fact, but this grade of offense was not charged in the indictment.          *Judgment reversed.*

October 8, 1894.

Indictment for burglary.   Before Judge CLARK.   Fulton superior court.   March term, 1894.

Dora Ella Tarpe and Tom Tarpe were jointly indicted for burglary.   She pleaded guilty; he was tried and found guilty, and his motion for a new trial was overruled.   She testified that she committed the crime, and that he had nothing to do with it.   It appeared that the burglary was in the daytime, and that certain tracks found on the premises were woman's tracks.   Most of the stolen articles were found in a room occupied by both Tom and Dora Ella Tarpe, who lived together but were not married.   Among these articles was a guitar which Tom Tarpe pawned after the burglary.   Numerous other circumstances were in evidence, but they need not be detailed here.

F. R. WALKER, for plaintiff in error.
C. D. HILL, solicitor-general, contra.