### 3471.  CALHOUN *v.* THE STATE.

HILL, C. J. The evidence in this case is wholly circumstantial, and the circumstances relied on to support the verdict are too inconclusive for that purpose, and do not exclude every other reasonable hypothesis than that of the guilt of the accused.                    *Judgment reversed.*

DECIDED JUNE 29, 1911.

Indictment for burglary; from Putnam superior court—Judge J. B. Park. May 8, 1911.

The indictment charged Em Calhoun with having broken and entered a certain storehouse and stolen a pistol from it. One of the owners testified, that he closed and locked the store at night,

leaving the pistol in. it, and that on returning the next morning about six o'clock he discovered that the store had been broken open and entered, and that the pistol was missing, and he found a small plank, which seemed to have been used in prizing open the window, and showed it to Em Calhoun, who was there with other negroes, and in about fifteen minutes Em and the plank disappeared. This was in September. In the ensuing June he was told by Em Calhoun that Lewis Yarborough had the pistol, he asked Lewis for it, and Lewis gave it to him, saying he had found it. Lewis Yarborough testified, that in the next year after that in which the store was broken open, he found the pistol under wheat straw in the barn of Dr. Ledbetter, his employer, on whose premises, near the store, Em Calhoun lived and worked as a servant; that about a month before he found it he saw Em looking for something in the straw, and that Em said he was hunting for a gun, and offered to pay him to find it; that when he (the witness) found the pistol it was rusty and would not work, and he had it fixed; that Em would not pay him for having it fixed, and told him to keep it; Em did not say where it came from. The witness further testified: "Em told me I was so careless with it everybody would know I had it." Mary Yarborough testified, that the defendant told her it was his pistol that Lewis had, and that when he got his hand on it he was going to keep it. It was testified that on the night of the burglary, about eight or nine o'clock, the defendant was seen in bed at his house, and that about an hour later he was seen in a cane patch between his house and Dr. Ledbetter's, two hundred or three hundred yards from the store, and that he then said that he went after some tablets for his wife's headache. Dr. Ledbetter testified, that he saw the defendant and Lewis Yarborough when it looked as if they were going to fight, and he took a pistol away from Lewis, which the defendant claimed as his own; he (the witness) gave it back to Lewis, because he had taken it away from him; it was not the pistol stolen from the store. There was evidence as to an altercation between the defendant and Lewis Yarborough on account of Yarborough's wife. The defendant, in his statement to the jury, said that the pistol about which he spoke to Yarborough was his own, and that he had never had the pistol that he was charged with having taken. It was testified that about two or three weeks

after the burglary three new gowns of outing cloth were found in the defendant's house; and one of the proprietors of the store in question testified that outing cloth was kept in stock at the store, but he did not know whether any of it was taken from the store on the night of the burglary; his pistol was the only thing he missed. He did not think that he had sold any of the cloth to the defendant; he had not sold any considerable quantity of such cloth to the defendant's wife. The same kind of cloth was sold at other stores in the locality. In addition to the general grounds of the motion for a new trial, that the verdict was not supported by evidence, etc., exception was taken to the judge's refusal to rule out the testimony as to the finding of the cloth at the defendant's house, and to certain instructions to the jury.

*M. F. Adams, Roy D. Stubbs,* for plaintiff in error.
*Joseph E. Pottle, solicitor-general,* contra.