### 11011.  EDWARDS v. THE STATE.

### 11012.  PARKS v. THE STATE.

### 11013.  SCOTT v. THE STATE.

BROYLES, C. J.  1.  The defendants were convicted of a misdemeanor,—larceny from the house.  The accusation charged that the articles stolen were "of the personal goods of J. L. Brannon and Company, and in the storehouse of the said J. L. Brannon and Company."  No demurrer to the accusation was interposed.  Upon the trial the proof showed that all the property in the storehouse belonged to J. L. Brannon, but that the business was conducted in the name of J. L. Brannon & Company.  This did not amount to a substantial variance between the allegata and probata, but was a mere technical and immaterial difference.  See, in this connection, *Rogers* v. *State*, 90 *Ga.* 463 (16 S. E. 205); *Hainey* v. *State*, 107 *Ga.* 711 (33 S. E. 418); *Weaver* v. *State*, 116 *Ga.* 550 (42 S. E. 745); *Smith* v. *State*, 121 *Ga.* 618 (49 S. E. 677); *Thomas* v. *State*, 125 *Ga.* 286 (54 S. E. 182).

2.  In a criminal case both the corpus delicti and the identity of the stolen property can be shown by circumstances.  In this case the circumstantial evidence adduced to establish these two essential facts was extremely weak, but this court can not hold, as a matter of law, that the finding of the jury thereon was unsupported by any evidence; and, the finding having been approved by the trial judge, this court has no authority to interfere.

3.  Under the well-settled principle of law that all persons who assist or abet another in the commission of a misdemeanor are equally guilty as principals, the evidence in this case authorized the conviction of all

three of the defendants, and the court did not err in refusing the written request to charge set out in the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 6, 1920.

Accusation of larceny from house; from city court of Floyd county—Judge Nunnally. October 6, 1919.

*W. B. Mebane,* for plaintiffs in error.

*J. F. Kelly, solicitor,* contra.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*