29237.  WRIGHT *v.* THE STATE.

DECIDED FEBRUARY 5, 1942.

J. Roy Rowland, Emory L. Rowland, for plaintiff in error.

J. Eugene Cook, solicitor-general, Emory S. Baldwin Jr., contra.

MACINTYRE, J. The defendant was convicted of stealing two hogs. To the overruling of his motion for new trial, based solely on the general grounds, he excepted.

The defendant contends that ownership of the hogs was not sufficiently proved to be in T. W. Raley, the prosecutor, as alleged in the indictment. Relatively to ownership of the hogs the prosecutor testified: "They [the hogs] were not a part of the crop. . . W. J. Horne and Leo Norris, two hands I had, were looking after them for me. I only had them two at that place. They were on halves with the tenants or would have been this [the second succeeding] fall if they got them fat. I had the understanding with them when I placed the hogs with them that they were to look after them. I carried them up there in August, and they were to carry them over to this fall. They were not a part of the crop." On cross-examination he testified: "These hogs would have been on halves with them this fall if they had kept them. These two darkies would have gotten half of the money. Actually half of them aren't their's now because they didn't keep them. Half of them would not be theirs if they had kept them until now; they wouldn't have been until this fall." This testimony did not require a finding that he, the person in whom the ownership of the stolen hogs was alleged in the indictment, was not the sole owner thereof but merely a tenant in common with his two negro employees mentioned in his testimony. On the contrary the jury were authorized to find that the labor of the negroes (the employees) on the prosecutor's place was to be applied to the hogs (the personalty of the prosecutor), and the employees were to be compensated by a division of the profits, and that the sole ownership was thus in the prosecutor, the person who furnished the personalty on which such labor was to be applied. At the time the hogs were stolen all the labor had not been performed thereon and there were no profits. We therefore think the jury were authorized to find that the ownership of the hogs was in the prosecutor as alleged in the indictment. Lee v. State, 62 Ga. App. 556 (8 S. E. 2d, 706).

The defendant also contends that the State failed to identify the hogs carried off by him as being the hogs of the prosecutor. The prosecutor testified that he missed two hogs on the date in question, and he then gave a description of them which was exactly the same as that alleged in the indictment. A witness who was present at the time the defendant took and carried away the hogs from the range which adjoined the prosecutor's range, and in which the prosecutor's hogs were accustomed to range, stated that they were

taken therefrom by the defendant, and he then gave the exact description of the hogs that was given in the indictment. He further stated that the defendant, at the time he took the hogs, told him that the hogs belonged to him. It also appeared from the evidence that the defendant then took these two hogs, along with two or three other hogs, into the adjacent county and there sold them, and that the owner of the field adjoining the prosecutor's field also missed some hogs. It did not appear from the evidence or the defendant's statement to the jury that the defendant owned any hogs, but when the investigation started about the prosecutor's missing hogs, it appeared that the defendant first claimed that the hogs he had sold were his, but later he claimed that they were his father's, notwithstanding the fact that he had denied to his father that he had sold any of his father's hogs, and notwithstanding the further fact that while one of the hogs of the father, which the father claimed to have missed, was blind in one eye, yet none of the people who saw the hogs that the prosecutor claimed were his and which the defendant took, carried away, and sold, testified that any of the hogs so taken away were blind in one eye. Taking the evidence as a whole, it appears to us that the jury were authorized to find that the stolen hogs belonged to the prosecutor, and that the defendant was guilty of stealing them.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*