## 32747. WIGGINS *v.* THE STATE.

DECIDED OCTOBER 20, 1949.

*Odom & Odom,* for plaintiff in error.
*Walton Usher, Solicitor-General,* contra.

TOWNSEND, J. Junius Wiggins was indicted, tried and con-

victed in the Superior Court of Screven County for the offense of hog stealing. He made a motion for a new trial on the general grounds which was later amended by adding two special grounds. His exception here is to the judgment of the trial court overruling this motion.

The special grounds of the motion for a new trial contend that the evidence failed to identify the stolen hogs. The question here is therefore directed to the sufficiency of the evidence to support the verdict. Accordingly, the general grounds and the special grounds will be considered together.  ·

The indictment described the hogs as "1 certain black and white sow hog, unmarked, weighing about 200 pounds, also 1 certain black and white colored sow hog, unmarked, weighing about 200 pounds, of the value of $100 and of the personal property of L. M. Altman." L. M. Altman, a witness for the State, testified in part as follows: "On March 20, 1948, I lost some hogs. I missed two spotted Poland China gilts weighing about two hundred pounds each and of the value of $100. On Saturday morning between 8:00 and 9:00 o'clock a. m. Mr. Black called me up and I had information that they had found some hogs here in town. I went out there and looked for my hogs and found two hogs, gilts, missing where they had knocked them in the head, I suppose, I saw some evidence there of it. There was two separate places where they had killed the hogs and they had bled a whole lot right there at the lot and we tracked them across the field  .  .  Those trails led out about 200 yards across the field and they had blood signs on the fence where they had took the hogs over there. You could see where the hogs were drug down in the ditch bank. Later I saw those hogs down at the Sell Ice House.  .  .  As to whether they were the same two hogs that I had missed, they were both Poland China hogs just exactly like the two I was missing, the same size." On cross-examination the same witness testified as follows: "I said that I saw two hogs down at the Sell Ice House and they looked like the hogs I missed, they were spotted Poland China hogs about the size of mine and they looked like the ones I missed. As to whether I am prepared to swear that they are my hogs, they wasn't marked. I could not swear they were mine." Mr. Altman also testified that he saw the two hogs which he later missed on his lot earlier that same morning.

A city policeman of Sylvania testified that between daylight and sunup that morning he accosted the defendant driving a car in Sylvania with two other persons. He stopped the car and found therein the two hogs above described and also another red hog. The defendant disclaimed to the officer any knowledge of the fact that the hogs were in the car. However, the defendant's clothing was covered with fresh blood. He stated to the officer that, prior to his arrest, he had been drinking heavily and had visited a friend nearby and had been asleep in his home; that he had loaned his car to one of the persons with him.

The defendant also made a statement to the jury in which he said that one of the occupants of the car came by the place where he was asleep and awakened him; that he wanted to hire the defendant to take him to the home of his father-in-law where there was to be a barbecue that day, and that he knew nothing about the hogs.

The evidence of the exact resemblance of the hogs in the defendant's possession to the stolen hogs; presence of blood on his clothing, and the circumstances attending the possession of the hogs by the defendant, were sufficient to establish that the hogs found in the possession of the defendant were those stolen from the prosecutor. See *Wright* v. *State*, 66 *Ga. App.* 590 (18 S. E. 2d, 640).

The identity of stolen property may be established by circumstantial evidence. See *Edwards* v. *State*, 24 *Ga. App.* 653 (2) (101 S. E. 766). The evidence here—that the prosecutor saw his hogs the morning they were stolen; that between daylight and sunup hogs exactly like the hogs of the prosecutor were found in the defendant's possession; that upon being notified, the prosecutor again checked his lot and found two of his hogs missing and where they had been slaughtered in the lot, carried across a field and put through a fence at the highway; that thereafter he saw two slaughtered hogs that had been in the recent possession of the defendant which were exactly like the hogs he missed, coupled with the failure of the defendant to explain the presence of the animals in the car or the blood on his clothing—was sufficient to identify the stolen hogs as the property of the prosecutor described in the indictment, by circumstantial evidence.

The judgment of the trial court overruling the motion for a new trial as amended is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*