## 35592. WORLEY *v.* THE STATE.

CARLISLE, J. 1. In criminal cases the corpus delicti, the identity of the stolen property, and the accused's connection with the commission of the crime, may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused (*Wiggins* v. *State*, 80 *Ga. App.* 213, 55 S. E. 2d 821; *Edwards* v. *State*, 24 *Ga. App.* 653, 101 S. E. 766; *McCrary* v. *State*, 20 *Ga. App.* 194, 92 S. E. 954); and while no one of the circumstances of a case may be sufficient to prove the guilt of the accused, yet all of them taken together may authorize the jury to infer that the accused is guilty as charged. *Rogers* v. *State*, 80 *Ga. App.* 585, 587 (56 S. E. 2d 633).

2. Under an application of the rules of law stated in division 1 to the facts of the present case, the jury was authorized to find the defendant guilty of the larceny of the chickens described in the indictment, and the trial court did not err in denying the motion for a new trial, which was based solely on the general grounds. The facts and circumstances from which the jury was authorized to infer the defendant's guilt are these: that,

on the day of the alleged larceny of the chickens, an automobile fitting the descripiton of one owned by the defendant was seen before dawn to drive away from the prosecutor's chicken house with two or three coops of chickens in the trunk of the automobile; that this automobile and the defendant's automobile were of the same model and that the automobile which was seen and the defendant's automobile, although the defendant is a resident of Georgia, bore South Carolina license tags; that chickens exactly fitting the description of those stolen from the prosecutor were found in coops in the defendant's automobile; that one of two brothers, who were jointly indicted with the defendant and who had spent part of the day and all of the night prior to the day of the alleged larceny at the defendant's home or in the defendant's company, was in possession of the automobile; that the defendant and the two brothers loaded some chicken coops in the defendant's car at the defendant's house about midnight for the purpose of making a trip to get some chickens; that the defendant was seen early in the morning of the day on which the chickens are alleged to have been stolen walking along the highway within a quarter of a mile of the prosecutor's chicken house; that clothing was found at the defendant's house on the morning of the alleged larceny, which he admitted was his clothing and on which chicken feathers were found of the same color as the feathers of the chickens stolen, and the defendant made no explanation of the presence of those feathers on his clothing; that the defendant stated that he was in the vicinity of the prosecutor's chicken house because he and the two brothers had gone to a place in that vicinity to get some parts for a saw, and that while he and one of the brothers went in to see about the parts, the other brother in whose possession the chickens were found drove off and left them; that the other brother denied this and testified that he had gotten out of the automobile by himself, as he did not wish to have anything to do with the chicken expedition; and that he had gone to sleep near where he got out, and the defendant had come back for him.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 17, 1955.

*Brannon & Brannon,* for plaintiff in error.
*Jeff C. Wayne, Solicitor-General, Sidney O. Smith, Jr.,* contra.