## ELBERT ROSS SMITH V. STATE

No. 28,263. May 23, 1956.

*Bill Auger,* Ft. Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of felony theft and sentenced to life imprisonment as an habitual criminal under an indictment charging four prior convictions for offenses of less than capital, only two of which were submitted to the jury.

The property charged to have been stolen was an automobile belonging to C. T. Dykes.

Dykes testified that he operated a garage in the city of Fort Worth; that he left his place of business on Saturday, June 11,

1955, around 6 o'clock P.M., at which time a '46 Ford car, which he had purchased, was parked near the garage; that he discovered the car was missing on the following Monday, June 13th, around 2 o'clock P.M., and reported the theft of the car to the police; that several days later, after being notified by the police that the car had been found, he went to the city of Mineral Wells and recovered the car which had been stolen. He further testified that the car was taken without his consent and had a value of at least $150.

The state's witness, Neal Spivey, a policeman of the city of Mineral Wells, testified that he arrested the appellant on October 15th while driving a Ford car meeting the description of the car reported stolen and which was turned over to the Fort Worth Police Department.

Lt. Dick Matlock, of the Fort Worth Police Department, testified, over appellant's general objection upon which he did not secure a ruling of the court that, during the investigation of the theft, the appellant "told us he took the car."

The state offered in evidence certified copies of the indictments, judgments, and sentences showing the two prior convictions as alleged in the district courts of Fayette and Stephens Counties, and the appellant, upon cross-examination by the state, admitted he was the person convicted in said counties.

As a witness in his own behalf, appellant testified that on October 15th he worked until noon and then began drinking; that he did not remember anything after that time except getting in a car with a man and when he woke up he was in Mineral Wells.

In his brief, appellant complains of certain questions propounded to him on cross-examination by state's counsel as to certain prior convictions.

An examination of the statement of facts reflects that, on cross-examination, appellant was asked if he had not been convicted, on April 27, 1945, in the state of California, and given a year in jail for violation of Penal Law 488; if he had been convicted, on January 15, 1947, of burglary of the United States Mail and given a year and a day; and if he had been convicted for postal theft of the United States Mail in 1945 and given a year and a day.

The record reflects that appellant only made a general objection to the questions complained of; and that the objections were by the court sustained. Appellant's objections to the two questions which were answered by the appellant's denial of the convictions were made after the questions had been asked and the answers given. No request was made of the court to instruct the jury to disregard the asking of the questions. Under the record, no reversible error is shown.

Appellant insists that the evidence is insufficient to support the conviction because the state failed to prove the identity and ownership of the automobile found in his possession.

It is first insisted that the identity of the automobile was not proven because it was not identified by color, body type, motor number or license number.

We think the witness Dykes sufficiently identified the automobile by his testimony that he left the car parked near his place of business, discovered it was missing, and next saw and recovered the car in Mineral Wells.

Appellant contends that the evidence is insufficient to show ownership of the automobile in the witness Dykes because he testified that, at the time it was stolen, the certificate of title had not been issued in his name. Under Dykes' testimony, it is shown that he had purchased and paid for the automobile, and, at the time it was stolen, had the actual control, care and management of the same. This testimony was sufficient to prove his ownership of the car. Branch's Ann. P.C., Sec. 2440, p. 1318.

In submitting the case to the jury, the court instructed the jury on the law of circumstantial evidence, and we find the evidence sufficient to support their verdict.

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record; the judgment of conviction is affirmed.

Opinion approved by the Court.