BELL *v.* STATE

[No. 223, September Term, 1958.]

*Decided May 11, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Jacob Matz,* for appellant.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney of Baltimore City, Julius A. Romano* and *George H. Rosedom, Assistant State's Attorneys of Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

Jerome B. Bell (the defendant) has appealed from the judgments entered against him in the Criminal Court of Baltimore after his conviction on two separate indictments involving the theft of an automobile and one of the license plates from another.

Under one indictment the defendant was charged—together with a female co-defendant who did not appeal—with the larceny, receiving and unauthorized use of a 1955 Dodge

sedan of the value of $1200, belonging to Frederick W. Burk-mar (the owner). Under the other indictment, he alone was charged with the larceny and receiving of a license plate—BA-21-58—of the value of $1, issued to Clinton Rice Allen.

The defendant pleaded not guilty and elected a court trial. At the close of the evidence offered by the State, the court granted the defendant's motion for a directed verdict of not guilty of the larceny of the automobile. At the close of all the evidence, the court entered a general verdict of guilty of receiving and unauthorized use of the automobile and a general verdict of guilty of larceny and receiving of the license plate. The court sentenced the defendant to confinement in the Penitentiary for three years under the first indictment and for one year under the second indictment. The defendant did not object to the entry of the general verdicts of guilty on the separate counts under either indictment nor did he interpose motions in arrest of the respective judgments entered thereon.

In this Court, the defendant has raised only the question of the sufficiency of the evidence to convict him under either indictment.

The record shows that the 1955 green and white Dodge sedan owned by her husband had been left by Doris R. Burk-mar (wife of the owner) with a person she assumed was an attendant on a parking lot at Redwood and Greene Streets at about 1:30 p.m. on September 23, 1958. When she returned an hour later it was gone. The automobile, which had been towed to the city police lot after the arrest of the defendant, was recovered by the wife of the owner the next day, but it had been considerably damaged in the meantime.

At about 10 p.m. in the evening of the day of the theft, two alert police officers, although they did not know the license plate number, observed an automobile answering the description of the stolen vehicle in the vicinity of Myrtle Avenue and Lexington Street. The defendant was riding in the front seat with the co-defendant, who was operating the automobile. When apprehended neither of the defendants had an identification card, a registration card for the automobile nor an operator's license. The license plate [BA-21-58],

which had also been reported stolen, was found by the police officers in the rear seat of the stolen automobile. Both defendants claimed they did not know that the stolen plate was in the automobile. The defendant told one of the officers that he had borrowed the automobile from a man whose first name was Ernest in order to pick up the co-defendant. He was unable to give the last name of the lender or his address. He knew him only when he saw him at the Club Lafayette.

(i). First Indictment—Receiving and Unauthorized Use.

The defendant, who does not contest the sufficiency of the proof of the other essential elements constituting the crime of receiving stolen property, contends, however, that the State failed to prove beyond a reasonable doubt that the automobile of Frederick W. Burkmar, reported as stolen, was the same in which the defendant was riding when he was apprehended by the police. Since it is also essential that there be proof that the automobile found in the possession of the defendant was stolen from its owner, the question is whether there was evidence of ownership or evidence from which ownership could be inferred.

The evidence was thin—a condition for which there was no apparent excuse other than oversight or neglect since there should have been no difficulty in producing direct evidence of ownership—but we think there was enough for the trial court to draw an inference, which it obviously did, that the automobile had been stolen. The motor vehicle reported as stolen was a 1955 green and white Dodge sedan. The automobile in which the defendant was apprehended was of the same "vintage," color and make, and was later identified by the wife of the owner on the police lot to which it had been towed. Moreover, neither the defendant nor the co-defendant could produce a registration card showing ownership by a person other than the owner named in the indictment. We think the evidence was sufficient to support conviction. Rule 741 c.

The identity of stolen property may be established "by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused." *Worley v. State,* 91 Ga. App. 663, 86 S. E. 2d 702 (1955). See also *Wiggins v. State,* 80 Ga. App. 213,

55 S. E. 2d 821 (1949); 52 C.J.S. *Larceny,* § 132(a). In *Smith v. State,* 163 Tex. Cr., R. 265, 290 S. W. 2d 530 (1956), in which the facts were somewhat similar to those in the present case, a 1946 Ford left at the owner's place of business on a Saturday was missing on Monday and was recovered by the owner from the police in another city several days later. A police officer had arrested the defendant while driving a Ford fitting the description of the stolen automobile which he turned over to the police department. No one identified the color, body type, motor number or license number, but it was held that the vehicle had been sufficiently identified.

Since the defendant did not dispute his conviction of unauthorized use, no question as to that offense is before us.

(ii). Second Indictment—Larceny or Receiving?

The trial court entered a general verdict of guilty of the larceny and receiving of the license plate. On the theory—by virtue of the decision in *Berger v. State,* 179 Md. 410, 20 A. 2d 146 (1941)—that the "more serious offense" in the instant case was the receiving [of goods under the value of $100] since it carried a maximum penalty of three years while larceny [of goods worth less than $100] carried only a penalty of eighteen months, the defendant contends that he was sentenced for receiving stolen property. As to this offense, he further contends that the State failed to prove that he received the license plate knowing it to have been stolen, which is one of the essential elements of the crime of receiving.

Apparently the defendant concedes that his conviction of larceny was sustainable since he recognized, as was held in *Debinski v. State,* 194 Md. 355, 71 A. 2d 460 (1950), that possession of recently stolen property constitutes prima facie proof that the possessor was the thief. We also observe that in *Heinze v. State,* 184 Md. 613, 42 A. 2d 128 (1945),[1] we recognized that a general verdict of guilty on two inconsistent counts, such as larceny and receiving, is defective. This is

---

1. For cases in other jurisdictions see *State v. Meshaw,* 246 N. C. 205, 98 S. E. 2d 13 (1957); *Bargesser v. State,* 95 Fla. 404, 116 So. 12 (1928).

so because a defendant cannot be both a thief and a receiver when it is apparent that the property alleged to have been stolen is the same as that alleged to have been received. When a verdict of guilty is rendered on inconsistent counts, the defendant has a right to require the trier of facts to specify on which of the counts he is guilty, but it is a right which may be waived. Since the question was not raised below in any manner, it may be that the defendant waived the inconsistency. In any event, the court passed but one sentence [2] of a year's duration and then provided that it should run concurrently with the previous sentence of three years for the receiving and unauthorized use of the automobile referred to in the first indictment. Since it does not appear that the defendant has been prejudiced [*Heinze v. State, supra*] by the rendition of inconsistent verdicts under the second indictment, we see no reason to make such inconsistency the basis for a remand of the case for further proceedings or a new trial. *Novak v. State,* 139 Md. 538, 115 A. 853 (1921). Instead we think we should decide the issue raised by the defendant as to the absence of guilty knowledge.

When, however, we assume—and we expressly do not decide for which offense the defendant was sentenced—that the conviction should be treated as one of receiving instead of larceny for the purpose of deciding whether the defendant knew or should have suspected that the license plate was stolen property, we think it is clear there was sufficient evidence to support a conclusion that guilty knowledge was present. The record shows that the defendant had "a measure of control or dominion over the custody" of the stolen property. *Polansky v. State,* 205 Md. 362, 109 A. 2d 52 (1954). Moreover, the trial judge was not obliged to accept the explanation of the defendant, or his co-defendant, that they did not know the license plate was in the automobile in which they were riding. *Berry v. State,* 202 Md. 62, 95 A. 2d 319 (1953); *Jordan v. State,* 219 Md. 36, 148 A. 2d 292 (1959). The very fact that the stolen license plate was in the constructive

---

**2.** If the court had passed sentence on both of the inconsistent counts a different question would be raised.

or potential possession of the defendant—who had *received* the stolen automobile in which the license plate was found—was in and of itself enough to justify an inference by the trial judge that the defendant had *also received* the license plate knowing it to have been stolen. See *Hayette v. State,* 199 Md. 140, 85 A. 2d 790 (1952); *Jordan v. State, supra.* Guilty knowledge may be found in a rational inference deduced from circumstantial evidence when such evidence clearly indicates that the defendant knew or could have reasonably suspected from the circumstances that the property in his possession or under his control had been stolen. *Lloyd v. State,* 219 Md. 343, 149 A. 2d 369 (1959).

· For the reasons stated both judgments will be affirmed.

*Judgments affirmed.*