### 40495. SUMMERLIN v. THE STATE.

NICHOLS, Presiding Judge. 1. "In criminal cases the corpus delicti, the identity of the stolen property, and the accused's connection with the commission of the crime, may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused, *Wiggins v. State,* 80 Ga. App. 213 (55 SE2d 821), *Edwards v. State,* 24 Ga. App. 653 (101 SE 766, *McCrary v. State,* 20 Ga. App. 194 (92 SE 954); and while no one of the circumstances of a case may be sufficient to prove the guilt of the accused, yet all of them taken together may authorize the jury to infer that the accused is guilty as charged. *Rogers v. State,* 80 Ga. App. 585, 587 (56 SE2d 633)." *Worley v. State,* 91 Ga. App. 663 (1) (86 SE2d 702).

2. The evidence adduced by the State was sufficient if believed by the trial court, hearing the case without the intervention of a jury, to authorize a finding that the defendant together with a co-indictee, who had previously pleaded guilty, committed the act of burglary alleged in the indictment and the testimony of the co-indictee that he alone committed the crime, being contradicted by evidence adduced by the State to the effect that voices were heard while the burglary was taking place, did not demand a finding for the defendant. See *Goldwire v. State,* 56 Ga. App. 379 (192 SE 643), and citations.

The trial court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED JANUARY 20, 1964—REHEARING DENIED
FEBRUARY 5, 1964.

*Aaron Kravitch, John Wright Jones,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor General, Robert E. Barker, Assistant Solicitor General,* contra.