### 40457. HILL v. THE STATE.

NICHOLS, Presiding Judge. 1. "In criminal cases the corpus delicti, the identity of the stolen property, and the accused's connection with the commission of the crime, may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused, *Wiggins v. State,* 80 Ga. App. 213 (55 SE2d 821), *Edwards v. State,* 24 Ga. App. 653 (101 SE 766), *McCrary v. State,* 20 Ga. App. 194 (92 SE 954), and while no one of the circumstances of the case may be sufficient to prove the guilt of the accused, yet all of them taken together may authorize the jury to infer that the accused is guilty as charged. *Rogers v. State,* 80 Ga. App. 585, 587 (56 SE2d 633)." *Worley v. State,* 91 Ga. App. 663 (1) (86 SE2d 702).

2. The evidence adduced in the present case authorized the jury to find that the defendant admitted being with his brother (in whose possession the stolen property was later found), at the time of the burglary, that the defendant lived a short distance from the burglarized house and knew that it was not occupied, while his brother lived some 150 miles away, that shortly after the crime was committed the defendant left the community, and that the defendant later admitted helping to load some of the stolen property while in an intoxicated condition and waking up the next morning with $25 in his pocket which he was not supposed to have. The conviction was authorized, and the trial court did not err in overruling the defendant's motion for new trial based on the usual general grounds only.

*Judgment affirmed. Hall and Russell, JJ., concur.*

DECIDED JANUARY 20, 1964.

Burglary. Fannin Superior Court. Before Judge Burtz.
*Jack G. Tarpley,* for plaintiff in error.
*Jess H. Watson, Solicitor General,* contra.