40591.   MYERHOLTZ v. THE STATE.

HALL, Judge.   1.   Circumstantial evidence, when as a whole it is sufficient to exclude every other reasonable hypothesis save the guilt of the accused, will authorize a conviction of burglary. *Summerlin v. State,* 109 Ga. App. 91 (135 SE2d 594). Where a burglary has been committed and soon thereafter goods from the burglarized premises are found in the possession of one who is unable to account for their possession, it raises a presumption of his guilt, and a verdict of guilty is authorized. *Lundy v. State,* 71 Ga. 360.

2. The defendant in this case was tried separately from other co-indictees.   There was evidence that on the night of January 20, 1963, a store was broken into and some merchandise was missing; the same night all of the indictees were overtaken and found to have 35 cartons of cigarettes, a quantity of headache powders and Alka-Seltzer in their possession in an automobile; all of them were arrested and these articles were returned to the store and identified by the owner.   Law enforcement officers testified that the night he was arrested and the following day this defendant admitted that he was riding around in the car as look-out to give those who had broken into the store time to pull the job, and that he and others rode around until those breaking in got the stuff out and piled it on the side of the road, and then they picked them up with the goods taken from the store; and that this defendant was not drunk when arrested but smelled of alcohol and stated he had been drinking.   The defendant made a statement at the trial that he was along, but had drunk two pints of whiskey that night and didn't even know where the store was, and did not admit having anything to do with it, and had never stolen anything.   Though it is not undisputed, the evidence of the defendant's admission of his participation, together with all the other facts and circumstances proved, was sufficient under the above rules to authorize the conviction.   *Code* §§ 26-501, 26-2401, *Hulsey v. State,* ante.

The trial court did not err in overruling the defendant's motion for new trial on the general grounds.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*

DECIDED MARCH 9, 1964.

*Lester Dickson,* for plaintiff in error.
*Andrew J. Whalen, Jr., Solicitor General,* contra.