WHITLEY *v.* STATE

[No. 334, September Term, 1963.]

*Decided June 23, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*Dennis J. Psoras,* with whom was *Burton W. Sandler* on the brief, for appellant.

*Fred Oken, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *Robert V. Lazzaro, State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The only question involved in this appeal is whether the evidence was legally sufficient to support the conviction of the appellant, Wilbur Henry Whitley, for receiving stolen goods, *i.e.,* the automobile which he was driving when arrested. The precise issue presented by Whitley is whether there was sufficient evidence from which the trial judge, sitting without a jury, could reasonably draw the inference that he knew the car —a Chrysler station wagon—had been stolen.

The station wagon had been stolen from an automobile dealer. Whitley testified that Georgie Lochard, a juvenile found in the car with him at the time of the arrest, had asked him to take a ride in the car, and had stated that he had permission from Thomas Fox (a codefendant with Whitley) to use it. Whitley contends, as he did in the lower court, that he did not know the car was stolen, but believed that Lochard had borrowed it from Fox. On the other hand, the arresting officer testified that at the time of the arrest Whitley admitted he knew the car had been stolen, and that Fox had it the preceding night. Also, there was circumstantial evidence tending to show that Whitley either knew or reasonably should have known that the car was stolen. His acceptance of a late model station wagon bearing dealer's license plates from a juvenile (Lochard) who could not own or drive a car was in itself a suspicious circumstance. In addition, there was little reason for Whitley to believe that Fox was lawfully in possession of the car which he allegedly loaned to Lochard, since Whitley and Fox had both been involved in an earlier case of unauthorized use of an automobile, and Whitley knew Fox was still on probation and did not have a driver's license. "Guilty knowledge may be found in a rational inference deduced from circumstantial evidence when such evidence clearly indicates that the defendant knew or could have reason-

ably suspected from the circumstances that the property in his possession or under his control had been stolen," *Bell v. State,* 220 Md. 75, 82 (1959). We cannot say the trial judge was clearly wrong in finding that Whitley had guilty knowledge that the car had been stolen when he received it.

*Judgment affirmed.*