## DANNY COBB v. STATE OF MARYLAND

[No. 297, Initial Term, 1967.]

*Decided October 18, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donald B. W. Messenger,* with whom was *J. Franklin Bourne* on the brief, for appellant.

*Anthony M. Carey, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Vincent J. Femia, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was found guilty of receiving stolen goods of a value in excess of $100.00 by a jury in the Circuit Court for Prince George's County and sentenced to four years in the Maryland House of Correction. He contends on this appeal from that judgment that the evidence was insufficient to support his conviction, and that the trial court erred in failing to grant his motion for a judgment of acquittal made at the end of the entire case.

The evidence adduced at the trial showed that at some unspecified time appellant had been employed as a cement finisher by the Circle Equipment Company of Beaver Heights, Maryland. During May of 1965, Circle took an inventory which revealed that certain tools, among them an eighty-pound Holman paving (concrete) breaker, were missing and "presumed" stolen. On August 15, 1965, the paving breaker was located in the possession of the Briggs Corporation of College Park, Maryland. The evidence showed that Briggs obtained the tool

on February 12, 1964, from one McCrossin, operator of a contracting equipment exchange company in Adelphi, Maryland. It was stipulated that McCrossin purchased the tool from Oscar Lewis, Jr. Lewis, operator of a concern known as Martin Equipment and Rental Company, testified that he bought a paving breaker from appellant in November of 1963 at Bladensburg, Maryland, paying for it by check which carried the notation "for breaker, spade and tamper."

The stolen breaker was introduced in evidence, but Lewis, who stated that he was in the business of buying equipment, was unable to identify it as the one that he received from appellant. Lewis testified that all breakers "look alike" to him; that he was "not positive yes or no" whether he had ever bought any other breakers from appellant; that "to the best of my knowledge," he sold the breaker he purchased from appellant to McCrossin; that he was "not positive" that it was the only breaker he sold to McCrossin; that he sold other tools to McCrossin; that he purchased "equipment" from one Jack Power, a paving foreman at Circle; that appellant worked for him on occasion as a subcontractor; and that he had written numerous other checks payable to appellant in addition to the one in November of 1963 covering the "breaker, spade and tamper."

The four elements necessary to constitute the crime of receiving stolen property are: (a) the property must be received; (b) it must, at the time of its receipt, be stolen property; (c) the receiver must have guilty knowledge that it is stolen property; and (d) his intent in receiving it must be fraudulent. *Jordan v. State,* 219 Md. 36; *McGlothlin v. State,* 1 Md. App. 256. Appellant contends that the State failed to prove that he ever received the stolen property, in that there was no legally sufficient evidence to show that the paving breaker that he sold to Lewis was the same as that stolen from Circle. The State contends, on the other hand, that there was no evidence to contradict the testimony of Lewis that he purchased from the appellant a Holman paving breaker, later identified through a chain of custody as that stolen from Circle.

To overturn a judgment entered on the verdict of a jury for insufficiency of the evidence, it is necessary to show that there

was no legally sufficient evidence, or inferences drawable therefrom, from which the jury could find the accused guilty beyond a reasonable doubt. *Royal v. State,* 236 Md. 443; *Culver v. State,* 1 Md. App. 406. In every criminal case—whether tried before a jury or by the court sitting without a jury—evidence, to meet the test of legal sufficiency, must show directly, or support a rational inference of, the facts required to be proved; and the facts must be established, or the inference supported, beyond a reasonable doubt or to a moral certainty, or a reasonable doubt of an opposite fact must be created. *Vincent v. State,* 220 Md. 232; *Spencer v. State,* 1 Md. App. 264. While it is neither our function nor our prerogative to weigh the evidence presented to the jury, we are required to determine its legal sufficiency to take a particular issue, or the entire case, to the jury when, as here, the point is properly preserved by motion for judgment of acquittal. *Quinn v. State,* 1 Md. App. 373. In the final analysis, therefore, to set aside the jury verdict we must be able to say that there was no legally sufficient evidence from which the jury could find appellant guilty beyond a reasonable doubt. *Pressley v. State,* 244 Md. 664.

That appellant exercised control and dominion over a paving breaker which he sold to Lewis in November of 1963 is abundantly clear from the evidence. We hold, however, that there was no legally sufficient evidence to go to the jury on the threshold issue of whether the paving breaker that appellant sold to Lewis in November of 1963 was the same as that stolen from Circle. We view Lewis's testimony on the question of identification as in effect limited to establishing that he purchased a paving breaker from appellant in November of 1963, which he could not identify;[1] that he may have purchased other breakers at other times from appellant; that on occasion he also purchased equipment from one of Circle's foremen; and that he sold tools to McCrossin and may have sold him more than one breaker. In light of this testimonial background — with Lewis expressly disavowing any ability to identify the

---

1. Lewis indicated that it was a *Holman* paving breaker that he acquired from appellant at that time, but he later testified that he did not know what "type" of breaker it was and that all breakers looked alike to him.

breaker which he acquired from appellant in November of 1963 as being the same as that which he sold to McCrossin—Lewis's further statement, standing alone and without more, that "to the best of my knowledge" he sold that very breaker to Mc-Crossin, can only be predicated on supposition or conjecture on his part that he did so.

In matters of proof, juries are not justified in inferring from mere possibilities the existence of facts, and they cannot make mere conjecture or speculation the foundation of a verdict. See *Ager v. Baltimore Transit Company,* 213 Md. 414 at page 421. It is well settled that the identity of property received with that allegedly stolen must be established beyond a reasonable doubt; and while such identity may be established by circumstantial evidence where such evidence is sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, *Bell v. State,* 220 Md. 75, we consider Lewis's testimony on the vital question of identity as too equivocal, too doubtful, and too enigmatical to be entitled to any probative force, legally sufficient, to connect appellant with the stolen breaker. It is not enough in our view that the property in appellant's possession was of the same general kind as that stolen from Circle, and whether we consider the evidence of identification as wholly circumstantial within the meaning of *Bell,* or otherwise, we conclude that the court erred in failing to grant appellant's motion for judgment of acquittal. Accordingly, we must reverse the judgment of conviction.

*Judgment reversed and case remanded for a new trial.*