### 44292. ANDERSON v. THE STATE.

JORDAN, Presiding Judge. The sole issue before this court is whether the evidence authorizes a conviction of burglary.

It is undisputed that someone broke into a dwelling and removed a coin collection. A witness observed a Thunderbird automobile in the driveway at the scene of the crime and recorded the license number, which was that of a Thunderbird registered in the name of the accused's wife. This witness positively identified the accused as the driver of the vehicle. She saw another man, whom she also positively identified, leave the house with something in his hand and enter the vehicle, and the two left in the vehicle. All of this took place between 10:30 and 10:55 a.m., and the fact of a burglary by someone was discovered on the afternoon of the same day.

The accused denied any knowledge of the crime and testified further that he was working at the time at a considerable distance from the scene, and his testimony is supported by his employer, a brickmason subcontractor, and a workman. The employer testified that on the day of the crime he met the accused before 7:30 a.m., that the accused rode with him to work, that they arrived before 7:30 a.m., and that the accused

was on the job all day. This witness admitted that he had been convicted of burglary. The workman testified that the accused was at work with him on the day of the crime.

The accused's presence at the scene of the crime and the surrounding circumstances are sufficient to show his participation in the crime, unless the jurors chose to believe his testimony and that of others in support of an alibi. See *Summerlin v. State,* 109 Ga. App. 91 (135 SE2d 594). "The jurors are the judges of the credibility of the witnesses, and they were authorized to find that the defendant had not established his defense of alibi and overcome the evidence of the State as to his guilt." *Montgomery v. State,* 224 Ga. 845, 849 (165 SE2d 145). The evidence supports the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

SUBMITTED MARCH 5, 1969—DECIDED MARCH 18, 1969.

*John L. Respess, James R. Venable,* for appellant.
*Richard Bell, District Attorney, Hardaway Young, III,* for appellee.