### 45888. CRANE v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of burglary, and sentenced to serve three years imprisonment. Thereafter he filed a motion for new trial based on the general grounds alone, which was denied after a hearing. The appeal is from this final judgment, with error enumerated thereon. *Held:*

1. This case is based solely on the general grounds of a.motion for new trial. It involves the rule as found in *Hill v. State,* 108 Ga. App. 855 (1) (134 SE2d 855) that in criminal cases the identity of the stolen property and the accused's connection with the commission of the crime may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused.

2. Where no one of the circumstances of the case may be sufficient to prove the guilt of the accused, yet all of them may be considered together as to whether the jury might infer the accused is guilty as charged. *Wiggins v. State,* 80 Ga. App. 213 (55 SE2d 821); *Worley v. State,* 91 Ga. App. 663 (1) (86 SE2d 702).

3. The evidence here must exclude every other reasonable hypothesis save that of the guilt of the accused since the same is clearly based upon circumstantial evidence alone. *Scott v. Mayor &c. of Athens,* 111 Ga. App. 173 (140 SE2d 922); *Taylor v. State,* 111 Ga. App. 690 (143 SE2d 24); *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488). The evidence here shows the of-

fense of burglary was committed, fleeing silhouettes of the burglars, one tall and one short, the trail of flight strewn with burglary tools, a bag of money and drugs found later, and the bag thereafter stolen from the spot where it had been left as a trap by someone other than the defendant and his alleged accomplice (Brown), who were in jail; several cars seen in the vicinity, including the defendant's; and conflicting testimony as to whether the defendant was wet or dry when found, whether wearing shoes or barefoot, or wearing socks, and if wearing shoes, whether or not they were muddy. These were the circumstances by which it is contended the defendant is connected with the crime. The above facts which were not explored and which are unexplained are insufficient to preclude every other reasonable hypothesis save that of the guilt of the accused. A mere suspicion of guilt has been created. There were other vehicles near the scene of the crime, and coming from the Sweetwater Plant where the accused admitted he had gone to pick up Brown, and no determination was made as to whether any of these suspicious vehicles might have been involved in the crime. No fruits of the theft were found in defendant's vehicle, and the articles introduced were insufficient evidence to show that they were stolen. Further, the fact that the "trap" (the black bag which had contained the stolen money and drugs) disappeared while the defendant was in jail, is further evidence that someone other than the accused committed the burglary. The hypothesis of guilt respecting proof by circumstantial evidence must be sustained by the consistency of the circumstantial evidence submitted. *Franklin v. State,* 69 Ga. 36 (47 AR 748); *Murray v. State,* 2 Ga. App. 620 (58 SE 1060). The evidence here fails to exclude every reasonable hypothesis save the guilt of the accused. *Code* §§ 38-109, 38-110; *Tarpe v. State,* 95 Ga. 457 (20 SE 217); *Calhoun v. State,* 9 Ga. App. 501 (71 SE 765); *Hayes v. State,* 28 Ga. App. 67 (110 SE 320); *Wallin v. State,* 38 Ga. App. 194 (143 SE 597); *Gilbert v. State,* 40 Ga. App. 660 (151 SE 41); *Chandler v. State,* 63 Ga. App. 304 (11 SE2d 103); *Lemon v. State,* 66 Ga. App. 653, 654 (19 SE2d 52); *Maddox v. State,* 99 Ga. App. 438 (108 SE2d 758). Accordingly, the judgment must be

*Reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 8, 1971—DECIDED JANUARY 27, 1971.

*Cook & Palmour, A. Cecil Palmour,* for appellant.
*Earl B. Self, District Attorney,* for appellee.