48096, 48097.  MINOR v. THE STATE  (two cases).
48098. COLLINS v. THE STATE.

Clark, Judge. The three defendants, two being brothers and the third their step-brother, appeal individually from a conviction for burglary. They were tried jointly under a single indictment. The sole enumeration of error is that the verdict of guilty is contrary to law and the evidence.

Only one, Jackie Minor, of the accused testified. In doing so he assumed full guilt and sought to exonerate the other two defendants. His testimony was that the three defendants were driving home after failing to gain employment at the Georgia Power plant in Burke County. Upon seeing an unoccupied house he suddenly decided to burglarize it, so he instructed the driver of the car, James Collins, to stop in the driveway. There he directed the driver, Collins, to remain in the car and the third defendant, Joseph Minor, "to stand right here by the car and watch." (T. 36). His story was that he alone entered the house and removed certain personal property from the house and placed it in the car. In reply to counsel's query, "Did either of these two defendants have any knowledge of what you were going to do?" he replied "No, sir, I didn't tell them because I figured they were scared." On cross examination he acknowledged making two trips into the house for removal of two guns, shells, a sander,

twelve Stereo tapes, a tape player, and twelve cans of oil. (T. 48). He further testified he received no help from his co-defendants in taking the items as "They must not have wanted any part of it." (T.40). They were apprehended while on their return trip. During separate police interrogations, each defendant signed a confession. Jackie Minor's confession confirmed his testimony at the trial. Joseph Minor's confession stated he had participated including removal of the two guns. James Collins, driver of the car, stated in his confession that he remained in the car while it was parked in the driveway. His statement was corroborated by the other two confessions.

1. "A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." Code Ann. § 26-1601. The evidence showed not only did one of the defendants testify on examination that he instigated a burglary in which the other two participated, but the two who got out of the car were identified by a passer-by as being at the house where the burglary occurred immediately before articles were found to be missing. Additionally, when defendants were arrested on their way home after the burglary, the stolen items were found in their possession. Thereafter, confessions from all three admitted the burglary and the degree to which each participated.

"Proof of the corpus delicti and plenary confession are sufficient to sustain a conviction. [Cits.]." *Smith v. State,* 118 Ga. App. 464, 467 (164 SE2d 238). "Where a burglary has been committed and soon thereafter goods from the burglarized premises are found in the possession of one who is unable to account for their possession, it raises a presumption of his guilt, and a verdict of guilty is authorized. [Cit.]. . . . [T]he evidence of the defendant's admission of his participation, together with all the other facts and circumstances proved, was sufficient under the above rules to authorize the conviction. [Cits.]." *Myerholtz v. State,* 109 Ga. App. 352 (136 SE2d 165). See *Mallory v. State,* 56 Ga. 545, 546; *Matthews v. State,* 86 Ga. 804 (13 SE 16). The articles found in the possession of the defendants were indisputably identified by the owner as the stolen items. See *Jones v. State,* 106 Ga. App. 614 (127 SE2d 855). Positive identification was made of two of the three defendants at the scene of the burglary by a witness at the trial. See *Matthews v. State,* 86 Ga. 782 (1) (13 SE 16).

2. The signed confessions of all three defendants were introduced into evidence after the judge made a preliminary determination

outside the presence of the jury that the confessions were made voluntarily by hearing evidence on the issue from both sides. After such determination by the judge, "The State may then offer the confession without further proof of its voluntary character, and, if the defense wishes to contest the issue it may offer evidence that the confession was not made or if made was not voluntary with the right of the State to rebut such testimony if it chooses to do so." *Cardell v. State,* 119 Ga. App. 848 (2) (168 SE2d 889). Defendants did not contest the judge's determination of voluntariness by offering any evidence of fear or coercion in the presence of the jury.

There was testimony by one of the police interrogators that Jackie Minor had at first asked for an attorney, but had later the same day made a voluntary statement. As this defendant testified to the same effect at the trial: "Thus, had the confession been excluded, there was before the jury the same account of the matter, directly from the mouth of the defendant. For this reason he cannot be heard to complain of the admission of the confession, though it was introduced over his objection. [Cits.]." *Brown v. State,* 122 Ga. App. 570 (3d) (177 SE2d 801). No evidence was presented that the confessions by the other two defendants were involuntary. Therefore, the trial judge's determination that the confessions were voluntary is affirmed. See *Sullivan v. State,* 223 Ga. 643 (5) (157 SE2d 247).

3. Whether the participation of James Collins, the driver of the car, is sufficient to be equated with an intent to burglarize is a question for the jury. See *Thompson v. State,* 76 Ga. App. 239 (3) (45 SE2d 675). "In each case J. B. Gaines pleaded guilty, and claimed that neither of the other defendants had any part in the crime. These two made statements denying any knowledge or connection therewith. The testimony on which it would seem the conviction of these two mainly rests, is that tending to show their possession of the stolen goods or part of them, and their intimate relations with J. B. Gaines, though certain other circumstances appeared in some degree pointing to their guilt." *Gaines v. State,* 89 Ga. 366 (15 SE 477). In accord, *Anderson v. State,* 119 Ga. App. 421, 422 (167 SE2d 225); *Hill v. State,* 108 Ga. App. 855 (134 SE2d 855).

4. The general grounds on appeal are without merit as the evidence is sufficient to justify the verdict as to each of the three defendants.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

SUBMITTED APRIL 5, 1973 — DECIDED APRIL 25, 1973.

*Albert G. Ingram,* for appellants.
*Richard E. Allen, District Attorney, Bacheller Flythe,* for appellee.